CASE 26.—MOTION BY DAISY D. SEBASTIAN AGAINST W. G. ROSE TO SHOW CAUSE WHY HE SHOULD NOT BE PUNISHED FOR CONTEMPT FOR FAILING TO PAY ALIMONY ADJUDGED TO HER IN A DIVORCE ACTION.—November 12, 1909.

## Sebastian v. Rose

Appeal from Owsley Circuit Court.

L. D. LEWIS, Circuit Judge.

From a judgment denying the motion plaintiff appeals.—Reversed.

1. Divorce—Jurisdiction.—Divorce proceedings are exclusively within the jurisdiction of the chancery courts.
2. Divorce—Decree for Alimony—Enforcement—Summary Proceedings—Contempt.—While under the direct provisions of Ky. St. 1909, Sec. 1663, a judgment in chancery for money or other specified thing may be enforced by any appropriate writ allowable on a judgment at law, under subsection 2, providing that nothing herein shall prevent the carrying of a judgment into execution according to the ancient chancery practice, circuit courts have all the powers of the English chancery court, and may as an incident thereto summarily enforce their decrees by attachment and imprisonment, and hence payment of the balance of an alimony decree could be enforced by motion for a rule to show cause against punishment for contempt for nonpayment.
3. Divorce—Decree for Alimony—Modification.—Ky. St. Sec. 2123, permitting the court on final judgment to make orders for the care and maintenance of minor children, and at any time afterward, upon petition of either parent, to revise or alter the same, contemplates further control by chancery

courts over divorce decrees awarding alimony, so that the court granting the divorce may modify the decree by enlarging, lessening, or suspending the allowance of alimony.

4. Divorce—Absolute Divorce—Appeal.—A decree of absolute divorce is final, and cannot be reviewed on appeal by the trial court; only divorces from bed and board being subject to retrial under the direct provisions of Civ. Code Prac. Sec. 427.

5. Divorce——Decree—Construction—"Filed Away."—A recital in a divorce decree, that a part of the judgment for alimony was paid by defendant, and, that the case was "filed away," was, in effect, keeping control of the case to be redocketed upon notice; the parties not having been dismissed.

6. Divorce—Decree—On Agreement.—While a defendant in a divorce action may refuse to defend under an agreement with plaintiff, the decree of divorce cannot be subject of agreement, but it is the court's action upon the allegations and proof.

7 Divorce—New Trial—Award of Alimony.—While a new trial cannot be granted after entry of a decree of absolute divorce, and the judgment is final unless annulled upon petition of both parties under Civ. Code Prac. Sec. 426, a new trial may be granted upon the question of allowing or refusing alimony.

8. Divorce—Appeal — Decisions    Reviewable — Alimony.— Judgments allowing or refusing alimony are reviewable on appeal.

9. Attorney    and    Client—Authority—Compromise—Receiving Less Amount Than Judgment.—An attorney in a divorce action is without authority to compromise by accepting a less amount of alimony than awarded by the decree in satisfaction thereof, without express authority of his client; such compromise being voidable at the client's option.

10. Attorney and Client—Authority——Ratification by Client.— Where an attorney compromised a suit without authority by accepting a less amount of alimony than was awarded his client by the judgment, the client, upon learning of the act, must either ratify or disaffirm it, and, on disaffirming, must occupy the same position as before the compromise, and cannot at the same time deny the attorney's authority and claim the benefits of the compromise.

11. Divorce—Appeal—Alimony—Scope    of    Review.—On appeal from an order denying a motion for rule to show cause why defendant should not be compelled to pay the balance of alimony awarded plaintiff in a divorce action, the question whether plaintiff is entitled to alimony is not open, the only question being the amount thereof; defendant claiming

Sebastian v. Rose.

that judgment for the amount awarded thereby was fraudulently or inadvertently entered.

12. Divorce—Alimony—Considerations in Awarding.—The dependent condition of defendant's abandoned wife, the needs of his infant child, defendant's wealth when the action begun as well as when the award was made, and his earning capacity and reasonable future expectancy and probable ability to pay alimony, should all be considered in determining the amount of alimony.

WM. H. HOLT for appellant.

### POINTS AND AUTHORITIES.

1.   Judgment for alimony may be enforced by Rule and Attachment.  18 Ky. Law Rep. 941, Evans v. Stewart, &c.; 99 Ky. Rep. 31, Tyler v. Tyler

2.   The acts or statements of a person are not competent evidence against another in the absence of evidence showing that the one making them had authority from the other party to act for him as to the particular matter to which they relate.

3.   The judgment is not sustained by competent evidence.

4.   An attorney cannot in the absence of express authority release his client's claim or any part of it by way of compromise or otherwise.  3 Met. 438, Smith's Heirs v. Dixon, &c.; 21 Ky. Law Rep. 421, Cox v. Adelsdorf.

HAZELRIGG & HAZELRIGG for appellee.

We submit that this judgment should stand there being no error of law in the record and the evidence certainly being strong enough to come within the rule which, on mere questions of fact, is always followed by this court. We ask that the judgment of the lower court be affirmed.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellant and appellee were married June 13, 1901.  Appellee was then a young man about 25 years old.  His wife was a year or two younger  Appellee's father was a man of wealth, and had considerable business interests.  Appellee was a partner in some of his enterprises, was industrious, a good

business man of sound judgment, and successful; but he had contracted the habit of inebriacy. Upon his marriage he took his bride to his father's dwelling to reside. A month later he abandoned her, leaving her without means of support. She was compelled to return to her father's home, where she resided till his death in 1907. March, 1902, after the separation, she gave birth to a son, who is still living so far as the record shows. In 1902 she brought this suit against her husband for divorce and alimony, asking also that she be given the permanent custody of the child, and that she be restored to her maiden name. Her father was a lawyer, a man of high social and professional standing, but possessed of moderate means. He had other children also. In appellant's suit for divorce she joined as defendants the parents and brothers of appellee, charging that her husband had conveyed and transferred his property to them in fraud of her rights, and to defeat her action for alimony. Appellee did not file an answer in the case. Appellant introduced evidence in support of her claim. It showed her right to a divorce under the statute on the ground of abandonment. As to the alleged transfer of property the evidence was very meager. A judgment was entered in the case on May 14, 1903, granting to appellant an absolute divorce from appellee, restoring her to her maiden name, and adjudging her the custody and control of the child. She was also adjudged $1,500 as alimony, and $50 as counsel fee in the case. The judgment concludes: "Thereupon came G. B. Rose and paid $500 on the judgment to the plaintiff and $50 to John C. Eversole and this case is filed away."

G. B. Rose was the father of appellee. John C. Eversole was an attorney in the case for appellant.

Appellant's action against G. B. Rose and his wife and sons concerning appellee's property was dismissed. On December 11, 1907, appellant filed a motion (of which due notice was given to appellee) for a rule against appellee to show cause why he should not be punished for contempt of court for his failure to pay the balance of the judgment above named. Appellee responded that he ought not to pay any part of the balance, because the judgment was entered by the fraud or mistake of appellant's counsel (her father having been one of her attorneys in the suit for divorce and alimony); that the judgment was in fact a compromise of the suit; that appellee had a valid defense to the action, involving matter that would have been humiliating or disgraceful to her if disclosed, and that, upon her father's being advised of the fact, he assented to the compromise, and induced appellant to likewise agree to it; that the agreement was that appellee was to pay appellant $500 only as alimony, and the $50 counsel fee, but that as a salve to her feelings the judgment was to recite that she was adjudged $1,500 as alimony, all of which was to be indorsed satisfied upon the payment of $500 and the $50 attorney fee; that counsel relied upon appellant's father, James M. Sebastian, one of her counsel, to have the proper orders entered, but that he failed to do so through fraud or oversight. Appellant replied, denying the authority of her father to make the compromise of $500, and denied that he did so. She denied that appellee had any defense to her action of divorce, and denied that it involved her moral conduct. Upon this issue the motion was tried. The evidence is that James M. Sebastian acted as attorney for appellant in the divorce case; that while Mr. John C. Eversole was also

counsel Mr. Sebastion was the senior and managing
attorney; that he did agree to take $500 in full set-
tlement of his daughter's alimony, and upon his re-
porting that she had consented to it the $500 was
paid, and the judgment entered. The evidence also
shows that appellant did not authorize the settle-
ment and knew nothing of it until it was disclosed
in the response filed upon this motion. There was
no evidence introduced nor offered impugning appel-
lant's conduct or character. Thereupon the circuit
court adjudged that the motion be denied, and that
the collection of the balance of the judgment be per-
petually enjoined. It is from that judgment that this
appeal is prosecuted.

Divorce proceedings in this state come within the
exclusive cognizance of courts of chancery jurisdic-
tion. Judgments in chancery may be enforced by
any appropriate writ allowed for the enforcement
of judgments at law. Section 1663, Ky. St. But
it is provided by subsection 2, section 1663, that
"nothing in this article shall prevent either party
from proceeding to carry an order or judgment of
court into execution according to ancient practice of
courts of chancery." The circuit courts of this
state have all power anciently vested in the English
Courts of Chancery. Rebhan v. Fuhrman, 21 Ky.
Law Rep., 17, 50 S. W. 976. Those courts had, and
circuit courts of Kentucky now have, the power, as
an incident of their chancery jurisdiction, to enforce
obedience to their orders and decrees by summary
mode, attachment, and imprisonment. Said this
court in Ballard v. Caperton, 2 Metc., 412: "This
power belongs of necessity to the court, that its judg-
ments and orders may be carried into execution and

not remain powerless, and that its dignity and right to respect may be preserved by prompt punishment of contumacy.'' The practice of proceeding by rule in such cases ·is seemingly sustained by Evans v. Stewart, 38 S. W., 697, 18 Ky. Law Rep., 941, and Tyler v. Tyler, 99 Ky. 31, 34 S. W. 898, 17 Ky. Law Rep. 1341.   Furthermore, the statute contemplates further control by courts of chancery over their de-crees in cases where alimony has been adjudged (section 2123, Ky. St.) for, as observed in Logan v. Logan, 2 B. Mon., 150: ''If hereafter the circuit judge shall be satisfied that this allowance is either inade-quate or superfluous, he will, of course, modify it by cnlargement, curtailment, or suspension altogether, according to circumstances, retaining, as he must, the control of the case for that purpose, and for the benevolent purpose also of keeping open the door of ultimate reconciliation.'' The original decree in this case ''filing the case away'' was, in effect, keeping control of the case, to be redocketed upon notice, as the parties were not dismissed. The decree of di-vorce is final. It may not be reviewed on appeal, or a new trial granted by the trial court. Divorces *a mensa et thoro* may be retried in the circuit court (section 427, Civ. Code Prac.; McCracken v. Mc-Cracken, 109 Ky. 766, 60 S. W. 720, 22 Ky. Law Rep., 1448), but in no other. Hence, we are precluded, as was the circuit court, from re-examining the grounds of the judgment for divorce in this case, in so far as that judgment granted the divorce, even if there was an issue upon that point. But there is not. The abandonment of appellant by her husband appears to have been a cruel act, wholly unexplained, and with-out mitigation. The solemn and sacred vows of the

altar, the highest form of contract, the most import-
ant social relation, were forgotten by .the bridegroom
ere the honeymoon had waned; and it seems even the
pride of paternity was not enough to move to com-
passion a nature insensible to the demands of con-
jugal obligation.

Grounds for divorce may not be confessed. They
must be proved. Section 422, Civil Code Prac. They
cannot legally be the subject of agreement. Not the
consent of dissatisfied parties, but the judgment of
the courts alone, may dissolve the marital relation.
True, a defendant to an action for divorce may de-
cline to defend, even though he has a defense. The
act may be the result of agreement. Nevertheless,
when the decree is entered, it is the court's judgment
upon the record as made, and establishes a new
status, not subject to retrial in court. The decree of
divorce in this case must therefore abide, unless the
parties by their joint personal petition to the court
granting the divorce procure its annulment as al-
lowed by section 426, Civil Code Prac. But judg-
ments allowing or refusing alimony are subject to
review on appeal; or to new trial upon proper
grounds therefor being shown.

This proceeding to enforce the payment of the
judgment for alimony was, as we have seen, one au-
thorized by the practice in chancery. Relief will be
granted according to the rules of equity. We are
satisfied from the evidence that Mr. Sebastian, rep-
resenting appellant as her attorney, did agree with
the father and the attorney for appellee that the pay-
ment of $500 and the attorney's fee of $50 would be
in satisfaction of the judgment for alimony, and that
the judgment fixing the amount was predicated upon

that agreement, rather than upon the proof in the record. We are also satisfied that appellant did not authorize the compromise and did not know of it. Her counsel had not the legal authority to enter into a compromise for her without her express authority. Smith v. Dixon, 3 Metc., 438; Cox. v. Adelsdorf, 51 S. W., 616, 21 Ky. Law Rep., 421.

The compromise was therefore voidable by her. When appraised of it, she must elect to either ratify or disaffirm it. If she ratify it, that ends it. If she disaffirms it, then she must consent to stand where she was before it was made. She will not in equity be allowed to say in one breath that she will claim the fruits of the agreement, and in the next breath to deny the condition upon which the agreement was made. The case then stands thus: A divorce has been granted to appellant upon allegation and proof of abandonment. Her claim for alimony asserted in the petition is undisposed of. She has been paid $500 on her claim for alimony, and $50 on her counsel fee. That she is legally entitled to alimony in this case is not now an open question. The only question is: How much should be awarded her? Even upon the showing she made in the partial preparation of the case, it seems to us that $1,500 was wholly inadequate. Just what property appellee then had is not satisfactorily shown. But it is shown that he had youth, health, strength, and business ability, no mean assets in these times. Many a man begins life with the charge of a family with no more, yet achieves success. The dependent condition of the wife, the helplessness and just needs of their child, both imposing legal and moral obligations upon the husband and father not discharged by divorce, nor diminished

by his abandonment, or want of affection, are ele-
ments which enter into the court's consideration in
fixing the amount of alimony.  Not only what appellee
had when the action was begun, but what he has now,
and his reasonable expectancy (Muir v. Muir, 92 S.
W. 314, 28 Ky. Law Rep. 1355, 4 L. R. A. (N. S.) 909)
and his earning capacity (Canine v. Canine, 16 S. W.
367, 13 Ky. Law Rep. 124) may also be considered,
and should be, in ascertaining the just amount neces-
sary to maintain appellant and her child comfortably,
and to educate the child fittingly, and the probability
of appellee to pay it. This is exacted of appellee not
as a penalty alone for his fault (though that may also
be considered), but is in discharge of his contractual,
and more particularly of his social, obligation im-
posed on him by law as an incident of manhood and
the head of a family.

  Let the judgment be reversed and cause remanded
for further proceedings not inconsistent with this
opinion.