## Nants v. Doherty.

(Decided June 6, 1924.)

### Appeal from Calloway Circuit Court.

1. Partnership—Owner of Business Held Liable to Account for Money Furnished.—Where owner of business agreed to furnish all capital required, and defendant, operating it for one-half profits, put money into business, owner must account therefor on termination of relation.

2. Appeal and Error—No Complaint can be Made of Favorable Error.—One cannot complain on appeal of a judgment allowing him more than he was entitled to.

3. Judgment—Judgment, Requiring Payment of Claim of Third Party, Held Not Objectionable as being in Favor of One Not Party.—Where owner of business was to furnish all capital required to operate same, a judgment in an action between such owner and one operating business for half profits, adjudging that owner should pay note held by bank, representing money borrowed for and used in business, held not objectionable as rendering judgment in favor of one not party to action.

4. Partnership—That Owner of Business Received no Pay from Purchaser Thereof, Immaterial in Action for Accounting.—In action by prior owner of business against one operating it for him for half profit, it was immaterial that plaintiff received no pay from any one for business which he sold, since he must look to purchasers, and not to defendant, for payment.

5. Reference—Commissioner Held Not Entitled to Allowance for Services.—Court was without authority to make any allowance to commissioner who filed no statement of number of days he acted, required by Ky. Stats., section 396, and there was no agreement as to fee under section 1740.

WEAKS & PHILLIPS for appellant.

J. C. SPEIGHT for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming in part and reversing in part.

In 1915 appellant Nants and appellee Doherty entered into an agreement whereby the latter was to manage the former's poultry business at Hazel, Ky., for one-half of the net profits and the business was so conducted under the firm name of "Nants & Co." until February 7, 1921, when same was sold by appellant to third parties with whom it seems appellee has a like arrangement.

Shortly thereafter appellant instituted this action against appellee, seeking judgment against him for $1,518.46, alleged to be due him upon an accounting.

By his answer and counterclaim, appellee denied the alleged, or any, indebtedness to appellant, averred the latter owed him $1,922.43, and asked reference to a commissioner for a complete settlement of their partnership affairs. The case was referred to the master, who, after the proof had been taken, reported that upon a settlement appellant was indebted to appellee in the sum of $913.18; that a note of Nants & Co. to the Dees Bank of Haze amounting to $483.72, was appellant's debt and should be paid by him; and that appellant should be required to pay appellee $325.00 for his half-interest in a truck, wagon and a team of horses.

Upon a trial of appellant's exceptions to the report, the court found the amount due appellee to be $686.98, and that the note due the Bank of Hazel was appellant's debt. Accordingly, it was adjudged that appellee recover of appellant $686.98 with six per cent interest from the date of the judgment, and his costs; that appellant pay the note to the bank, and that the commissioner be allowed $125.00 for his services, to be taxed as costs and paid by appellant.

Appellant was the sole owner of the business, and agreed to furnish all the capital required to operate same. It is shown practically without contradiction that appellee, at appellant's request, put into the business $565.00, and that same had not been repaid to him. It seems clear, therefore, that he was entitled to recover this amount with interest, or $781.20.

The commissioner found the net profits from January 1, 1920, to February 7, 1921, and for which period no settlement had been made by the parties, to have been $1,205.95, but which appellant claims were only $791.61. Accepting the latter sum as correct, and crediting appellee with his one-half interest thereof, or $395.80, and add-

ing this to the $781.20 already found to be due him, we have a total of $1,177.00 from which must be deducted $470.99, the amount withdrawn in cash or merchandise by appellee.    This leaves the net amount due him $696.01, and as the court found the amount to be only $686.98, it is obvious that part of the judgment can not be disturbed upon complaint of appellant.

Nor is there any merit in the contention that the court erred in adjudging that appellant should pay the note to the Bank of Hazel, since this money was borrowed for and used in the business.  As appellant had agreed to furnish the capital and was the sole owner of the business, this was his individual debt, as between him and appellee, which is all the court adjudged, and counsel are mistaken in assuming that the court rendered judgment against appellant in favor of the bank, which is not a party to the action.

Appellant testified, and his counsel complain, that he has never received pay from any one for the business, but as he did not sell the business to appellee, that question is not here, and he must, of course, look to the parties to whom he sold the business and not to appellee for pay for same.

Complaint is also made of the refusal of the commissioner and the court to allow appellant credit for one-half a loss of $532.52, which he claims was sustained by him on a shipment of poultry in April, 1919; but this was not error, since the parties had frequent settlements after that date and covering the whole of that year, and it is not satisfactorily shown that the loss upon this shipment, if any, had not been included in one of those settlements between the parties.

We are, therefore, of the opinion that the appellant has no just cause for complaint of the judgment herein, except in so far as it allows the commissioner $125.00 for his services.   Section 396, Kentucky Statutes, provides that no allowance shall be made to a commissioner until he has filed in court a written statement, under oath, of the number of days he has acted, and section 1740 prescribes the amount to be allowed him, in the absence of an agreement, for each day so engaged.

As no such statement was filed by the commissioner here, and there was no agreement as to his fee, the court was without authority to make him any allowance.  Garr v. Roy, 20 K. L. R. 1697, 50 S. W. 25; Harding's Admr. v. Harding, 132 Ky. 133, 116 S. W. 305; Conn. Fire Ins. Co. v. Union Mercantile Co., 161 Ky. 718, 171 S. W. 407.

Wherefore, the judgment is affirmed, except in so far as the allowance to the commissioner is concerned, in which respect it is reversed for proceedings not inconsistent herewith.