# Chaudet v. Chaudet.

(Decided November 12, 1929.)

C. C. GRASSHAM for appellant.

BEN S. ADAMS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing in part and affirming in part.

The chancellor granted appellee a divorce. This court cannot reverse a decree granting an absolute divorce, but it may review the evidence for the purpose of determining whether the divorce was proper, and if found to be not proper, to then direct such judgment in regard to alimony, maintenance, and property rights of the wife and child as the circumstances justify.

We recognize and appreciate the ability of the chancellor and the careful attention that he gives to causes that he is called upon to determine, but this court disagrees with the chancellor in his finding that the grounds alleged for divorce were established by the evidence. The

conduct of the witnesses in behalf of appellee was most reprehensible. She was spied upon, the smallest indiscretion on her part magnified, followed from place to place by those who afterwards testified, and at least a part of the time under the direction of the attorney who filed the petition for appellee, who is not the same attorney who appears for him in this court. The facts testified to by those witnesses to whom credibility may be attached do not show that appellant was guilty of lewd and lascivious conduct, and the testimony of one witness who stated that she had been guilty of adultery with him is not believed by this court. No one certified as to the credibility of the witness. Section 2119 Ky. Stats., requires a certification by the judge, or officer taking the deposition, of a witness who testified as to charges of adultery, or lewdness, and credibility or good character must be proved. This section was construed in the case of Lewis v. Lewis, 224 Ky. 18, 4 S. W. (2d) 1106; Smith v. Smith, 181 Ky. 55, 203 S. W. 884.

It would serve no good purpose to attempt to detail the evidence in this case. We have reached the conclusion that the chancellor should not have granted a decree of divorce to appellee, and that he properly awarded the custody of the child to the mother. The only question that remains is whether the appellant, under the facts and circumstances, should be awarded alimony, attorney's fees on this appeal, and an increase in the amount allowed for the maintenance of the child.

These questions are so fully and ably discussed in the case of Smith v. Smith, 181 Ky. 55, 203 S. W. 884, and the facts in that case apply so well to the facts in this case that we are content to rest our opinion on the authority of that case, and the cases therein cited. The appellee has been in bad health. It is not shown that he was a party to the conduct of some of his kindred and friends who undertook to secure evidence for him. He has an interest in certain real estate. The value is not certainly established, but, we believe, from the evidence, that we may well assume that his interest in the real estate alone is worth as much as $3,000. The chancellor should increase the allowance for the support of the child as its needs increase. The allowance was small, but, at the present time, we will not direct that it be changed, leaving that matter with the chancellor.

The chancellor will award alimony to appellant in the sum of $1,000. She will be allowed $100 for her attorney's fee on this appeal.

The judgment is reversed to the extent that alimony was denied appellant, and the cause remanded for proceedings consistent with this opinion. The judgment is affirmed on the cross-appeal.