## Wilson v. Wilson.

(Decided June 19, 1931.)

ROGERS & ROGERS for appellant.

BLAKELY & MURPHY and JOSEPH P. GOODENOUGH for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

In this action by a wife against her husband, the wife was granted a divorce and alimony in the sum of $3,500, an allowance of $100 per month for the support of the wife and three infant children living with her, and the sum of $200 as part of the costs to pay her counsel fees. The husband has appealed from the judgment for alimony and the other allowances. The decree of divorce is irreversible, but the evidence may be reviewed to determine the propriety and reasonableness of the money judgment. Ramey v. Ramey, 224 Ky. 398, 6 S. W. (2d) 470.

The parties were married some twenty-five years ago at Louisa, Ky. They have five children, two of whom have attained their majority. The other three are minors, the youngest being three, the eldest sixteen, and the other eleven years of age. The husband and wife had not lived happily together. Several separations preceded the final one. The present action by the wife was based upon cruel and inhuman conduct by the husband, indicating a settled aversion to her and permanently destroying her peace and happiness. (Kentucky Statutes, sec. 2117.) It is frankly conceded by the appellant that the evidence warranted the chancellor in granting the wife a divorce and alimony, but it is earnestly argued that the amount allowed was grossly excessive. The record showed that the appellant owned three houses and lots, and a small amount of personal property. The value of the personalty is not disclosed, but it was not large. Two of the houses were located in Louisa. One of them produced a monthly rental of $18.50 and the other a monthly rental of $12.50. The rental value of the home in Kenton county is not shown, except that one portion of it was rented at one time for $25 per month. The cost of that property was $5,250, and it is subject to a mortgage lien of $1,400.

One of the lots in Louisa is burdened with a street assessment of $600, payable in ten annual installments. It does not appear how many of the installments are still to be paid. The husband is a skilled engineer capable of earning $1.40 per hour when employed. His earnings for the year 1929 were slightly in excess of $1,600. During the first six months of 1930 he had earned $837. His earnings, of course, depend upon the regularity of his employment. By virtue of the decree all of the real and personal property will be his, subject to the payment of $3,500 to Mrs. Wilson, and the liens against the realty. The wife will have to find a place to live, and she will have the care of the three infant children. The decree did not award the custody of the children, but they were with the mother and will remain there, unless some order to the contrary should be made. The circuit court has control of that matter, as well as the readjustment of the monthly allowance, which can be changed from time to time to conform to any change in the circumstances of the parties concerned.

Whilst the allowance is a substantial one, we are unable to say that it was unreasonable. It will doubtless require the amount allowed to provide a proper home for Mrs. Wilson, and the children. Mr. Wilson will have the entire use and benefit of all his property to supplement his earnings. If the decree operates oppressively in the light of experience under it, the court is empowered to modify the allowance to do justice to all the parties.

The principles that govern the matter are sufficiently elucidated in previous opinions and need not be elaborated. Sebastian v. Rose, 135 Ky. 197-206, 122 S. W. 120; Kelly v. Kelly, 183 Ky. 172, 209 S. W. 335; Littleton v. Littleton, 229 Ky. 353, 17 S. W. (2d) 204.

The allowance for counsel fees was not excessive. In Sparks v. Sparks, 215 Ky. 508, 284 S. W. 1111, the fee had been fixed at $100, but it was not in question on appeal. It was a matter addresing itself to the sound discretion of the chancellor, and an allowance for such purpose is not disturbed unless the discretion is abused. We cannot say in this instance that the amount allowed was such as to constitute an abuse of discretion.

The judgment is affirmed.