## Farnau v. Farnau.

(Decided December 15, 1931.)

ROGERS & ROGERS for appellant.

BLAKELY & MURPHY for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

H. F. Farnau filed this action against Annie Farnau in the Kenton circuit court for a divorce. For grounds, he alleged that they were married on the 16th day of

April, 1928, and lived together as husband and wife from that time, until August 5, 1929, when without fault or like fault she abandoned his home, although he made proper and suitable provision for her support. To prevent a judgment in his favor, by answer she traversed the allegations of his petition, charged that he had abandoned her without any or like fault on her part. By the third paragraph she charged him with cruel and inhuman treatment, such as to indicate a settled aversion for her, and to destroy permanently her peace and happiness, without like or any fault on her part.

The evidence was heard in open court as authorized by section 552, subsec. 2, Civil Code of Practice. It was taken by a stenographer, transcribed, and is now a part of the record. Upon the evidence heard, the chancellor rendered a judgment granting H. F. Farnau a divorce, a vincula matrimona, and ordered a restoration of the property not disposed of before the action which either he or she directly or indirectly received from or through the other during marriage in consideration, or by reason thereof.

This court by section 950-1, Ky. Statutes, is forbidden to reverse a judgment granting a divorce. Gribben, 227 Ky. 96, 11 S. W. (2d) 998; Chaudet v. Chaudet, 231 Ky. 477, 21 S. W. (2d) 812; Autry v. Autry, 237 Ky. 608, 36 S. W. (2d) 15.

While we are without power to reverse a judgment granting a divorce, we have the right and it is our duty to review the evidence for the purpose of determining whether the alimony was properly denied, and in cases where the custody of children are involved. In reviewing the evidence for this purpose, it is a uniform rule of the court where the mind is left in doubt on issues of fact involving alimony or the custody of children to review the evidence for ourselves and exercise our own judgment determining whether the judgment of the chancellor was warranted by the proven facts. Evans v. Evans, 229 Ky. 21, 16 S. W. (2d) 485; Autry v. Autry, supra.

At the date of the trial, the appellee, H. F. Farnau, was about 75 years of age. During his marriage to appellant, and at the time of their separation, he owned an apartment house from which he received a rental of about $725 the year. The appellant was in possession of property of about the value of $2,500. Both parties had had previous experience with married life, his wife

532

having died about three years before his marriage to appellant, and she having been divorced from her former husband. The appellant was at the time of her marriage to appellee about 45 years of age. She and her two grown daughters had for about two years next before her marriage to appellee occupied an apartment in appellee's building, during the last year of which she and appellee engaged in a courtship, climaxing in their marriage.

In her previous experience with married life she had obtained a divorce from her former husband on the ground of cruel and inhuman treatment, and had been awarded alimony in the sum of $2,500. Immediately following her separation from appellee, she instituted a suit in the Kenton circuit court for alimony, a trial of which resulted in the defeat of her effort.

Without going into the details of the conduct and relationship of the appellant and appellee during their married life to each other, it is sufficient to say that she explains and justifies her separation from the appellee by saying that on the night of the 5th of August, 1929, she and one of her daughters visited a neighbor, Mrs. Bush, where they spent the evening until about 9:30 p. m., when she returned to her home, where she found her husband. When she came in he asked her where she had been. She told him; she claims he responded, "Right here is where we quit," and told her to get her clothes and get out, either upstairs or whereever she wanted to go. Her daughter Virginia Esten corroborates her statement of this conversation.

The testimony of the same daughter, who was at the time of the giving of her deposition a mature woman, throws some additional light on her mother's living with, and separation from, the appellee. She was asked and answered as follows:

"Q. Now Miss Esten, do you know anything that caused the separation there for your mother to pick up and walk off? A. He absolutely refused her money. Q. Well, how much money? A. Well, lots of money she wanted for clothes and things."

There is other evidence tending to show that Anna Farnau was very much concerned about the estimated value and nature of the old man's estate. The record further discloses that the former trial in which appellant

sought alimony of the appellee and the trial of the present case were had before the same judge. The witnesses appeared and testified herein in person before him. This gave him an opportunity to see and to hear the witnesses and to consider and weigh properly their testimony. According to established rules, his finding of facts under the circumstances is entitled to great weight, and will not be disturbed unless palpably against the weight of the evidence. Hurt v. Bank of Commerce, 235 Ky. 795, 32 S. W. (2d) 346. His judgment will not be disturbed if the evidence leaves the mind in doubt as to the truth. Rosa v. Nava, 235 Ky. 574, 31 S. W. (2d) 910; W. D. Harris & Co. v. Lewis, 235 Ky. 810, 32 S. W. (2d) 401; Blackburn v. Smith, 236 Ky. 387, 33 S. W. (2d) 336. Applying these established and recognized rules, we find no grounds for reversal.

Wherefore, the judgment is affirmed.