## Arms v. Arms.

(Decided Jan. 17, 1933.)

TANNER OTTLEY for appellant.

S. A. CARY for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Dismissing appeal without prejudice. .

A judgment a vinculo matrimonii, and for an allowance to the wife, and attorneys' fees, is presented for review. The husband, by his committee, instituted this action in the Cumberland circuit court asking for a divorce on the ground of "living apart without any cohabitation for five consecutive years next before the application." The court granted him the relief sought. He cannot complain on this appeal on account thereof. Nants v. Doherty, 203 Ky. 596, 262 S. W. 979. Section 950-1, Ky. Stats., deprives this court of jurisdiction to

reverse a judgment of divorce. Autry v. Autry, 237 Ky. 608, 36 S. W. (2d) 15; Jones v. Jones, 239 Ky. 153, 39 S. W. (2d) 262; Farnau v. Farnau, 241 Ky. 530, 44 S. W. (2d) 531. While a divorce decree is irrevocable, this court .may review the evidence to determine the propriety and reasonableness of a money judgment for alimony, wife support and counsel fees. Wilson v. Wilson, 239 Ky. 830, 40 S. W. (2d) 314; Farnau v. Farnau, 241 Ky. 530, 44 S. W. (2d) 531; Williamson v. Williamson, 243 Ky. 544, 49 S. W. (2d) 337. We are precluded from reviewing the judgment as to these items for the reason no evidence is presented by the record. In the absence of the evidence, the only question that we are permtited to .determine is whether the pleadings support the judgment. Their sufficiency is not disputed. Aud v. McAvoy, 177 Ky. 380, 197 S. W. 824; Crofton v. Louisville & N. R. Co., 177 Ky. 831, 198 S. W. 229; Southern National Life Realty Corp. v. People's Bank of Bardstown, 179 Ky. 113, 200 S. W. 313; Wilson et al. v. Trent, 238 Ky. 551, 38 S. W. (2d) 429; Nuckolls v. Illinois C. R. Co., 227 Ky. 836, 14 S. W. (2d) 157; Harmon v. Harmon, 227 Ky. 341, 13 S. W. (2d) 242.

The judgment appealed from was rendered on the 24th day of November, 1931. The record of this appeal was filed March 14, 1932, or three months and twenty days after the rendition of the judgment. The wife was allowed $40 per month alimony, "the payment to begin when the pension she is now drawing from the government ceases to be paid to her." The allowance was reduced by a later order to $25.00 and by another order to $20.00 a month to be paid by his committee after he received the pension. The record does not disclose that the pension was paid to her after the rendition of the judgment and before the filing of the record of the appeal. But, conceding that she was entitled to be paid the $40 per month alimony from the rendition of the judgment, less than $200 was due thereunder at the time the appeal was taken. This court is without jurisdiction to review the allowance of temporary alimony, where the installments due amount to less than $200. Billington v. Billington, 226 Ky. 207, 10 S. W. (2d) 815. The judgment appealed from expressly reserved the question of permanent alimony for "further orders and further adjudication."

The judgment allowed a fee of $100 to the attorney of defendant and a fee of $100 to the attorney of the plaintiff, eo nomine. These attorneys are not parties to this appeal. We cannot consider the question of the allowance of fees to the attorneys where they are not made parties to the appeal. Sallee v. Sallee, 213 Ky. 125, 280 S. W. 932; Sams v. Sams, 218 Ky. 613, 291 S. W. 1058; Kelly v. Adams, 229 Ky. 604, 17 S. W. (2d) 706; Lyon v. Lyon, 243 Ky. 236, 47 S. W. (2d) 1072.

For the reasons indicated, this court is without jurisdiction to review the granting of the divorce, the allowance of $40 per month alimony, and the allowance of the fee of $100 each to the attorneys; therefore, this appeal is dismissed without prejudice, for proceedings consistent herewith.