## Hawkins v. Hawkins.

(Decided May 15, 1934.)

BENTON, BENTON, SMITH & LUEDEKE for appellant.
ROGERS & ROGERS for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Hattie Hawkins was granted a divorce, a vinculo matrimonii, decreed the ownership of $3,000, deposited in the name of Harry Hawkins in the Liberty Building Association of Covington, Ky., for which a passbook had been issued to her, but which was, on the date of the decree, in the possession of Harry Hawkins, and awarded her $16 alimony payable by the week, beginning with the entry of the judgment and to continue "until the further orders of the court herein." Harry Hawkins appeals..

His brief contains this statement:

"The husband in his testimony said he was compelled and intended to go into bankruptcy. As a matter of fact he was adjudged a bankrupt on the 29th day of November 1933. Any modification of that portion of the judgment awarding to the wife the building association certificate or book would not benefit him personally under present circumstances, and therefore, he would not seriously complain as to that had there been no weekly allowance in addition thereto."

With this admission, we are not required to consider and determine the rights of the parties in respect to the certificate or pass book issued by the Liberty Building Association.

Section 950-1, Kentucky Statutes, deprives this court of jurisdiction to reverse a judgment of divorce. Autry v. Autry, 237 Ky. 608, 36 S. W. (2d) 15; Arms v. Arms, 246 Ky. 827, 56 S. W. (2d) 536. Our jurisdiction in such cases is restricted to the privilege of reviewing the evidence to determine the propriety and reasonableness of that portion of the judgment awarding the wife's alimony, support, and counsel fees, except when minor children are involved. Wilson v. Wilson, 239 Ky. 830, 40 S. W. (2d) 314; Farnau v. Farnau, 241 Ky. 530, 44 S. W. (2d) 531. With the propriety or impropriety of the decree as it relates to the $3,000 evidenced by the

certificate or passbook of the Liberty Building Association, eliminated, there remains to be considered only the reasonableness of the $16 a week allowed for the wife's support. It is entirely unnecssary to reproduce the evidence herein. Without giving weight to the judgment of the chancellor who saw and heard the witnesses in person, we are convinced the allowance of the $16 a week was authorized by the evidence. The amount allowed being payable in installments, the power of the circuit court is continuous for the purpose at any time of making such alteration thereof, that is, increasing or decreasing it, or discontinuing it entirely, as shall appear reasonable and proper to that court in the exercise of a judicial discretion. Franck v. Franck, 107 Ky. 362, 54 S. W. 195, 21 Ky. Law Rep. 1093; Bristow v. Bristow, 51 S. W. 819, 21 Ky. Law Rep. 481; Staton v. Staton, 164 Ky. 688, 176 S. W. 21, L. R. A. 1915F, 820; Sebastian v. Rose, 135 Ky. 197, 122 S. W. 120; La Warre v. La Warre, 208 Ky. 566, 271 S. W. 660; Renick v. Renick, 247 Ky. 628, 57 S. W. (2d) 663. This being the prevailing rule, Hawkins may, at any time, on notice to her, on an application to that court, produce evidence entitling him to any alteration or the discontinuance of the allowance as shall appear to the court in the exercise of a judicial discretion to be reasonable and proper.

Wherefore, the judgment is affirmed.