## Rigsby v. Rigsby.

(Decided Nov. 24, 1936.)

H. R. WILHOIT for appellant.

LITTLETON & JARVIS for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming in part and reversing in part.

Cecil Rigsby, plaintiff below, filed this action in the Carter circuit court against his wife, Anna Rigsby, for a divorce. He charged her with acts of adultery and lewd and lascivious conduct. Defendant filed her answer and counterclaim denying the allegations of the petition and pleaded that plaintiff had been guilty of such cruel and inhuman treatment of her for a period of more than six months, which was continuous and habitual, and such as to destroy permanently her peace and happiness and indicate a settled aversion to her. She alleged that she had no property or other means of support, and that plaintiff was possessed of real estate and personal prop-

erty the value of $2,000. She asked that she be granted an absolute divorce on her counterclaim and for alimony in the sum of $1,000.

Plaintiff filed his reply traversing the allegations of the counterclaim. After a considerable amount of evidence was taken in behalf of each party and the cause submitted for trial, the chancellor rendered judgment granting plaintiff an absolute divorce and dismissed the defendant's counterclaim, but adjudged that plaintiff pay all costs of the action, including $30 for defendant's attorney fee. Defendant appeals from that part of the judgment refusing her alimony and also insists that the court should have allowed her $200 for her attorney's fee.

It is insisted that the judgment should be reversed (1) because the evidence is insufficient to sustain plaintiff's alleged grounds of divorce, and (2) if it be conceded that the evidence were sufficient to sustain the charges against defendant, the chancellor should not have granted the plaintiff a divorce, because defendant clearly established her grounds of divorce as set out in her counterclaim, and relies upon the doctrine of recrimination.

This court cannot reverse a decree granting an absolute divorce, but it may review the evidence for the purpose of determining whether the divorce was proper, and if found to be not proper to then direct such judgment in regard to alimony and maintenance as the circumstances may justify. Chaudet v. Chaudet, 231 Ky. 477, 21 S. W. (2d) 812.

It would serve no good purpose to enter into a detailed discussion of the evidence adduced in behalf of plaintiff to sustain his charge against the defendant. It is sufficient to say that if it be conceded that the evidence is sufficient to sustain plaintiff's charge against the defendant it does not follow, necessarily, that the chancellor should have granted the plaintiff a divorce.

To sustain her counterclaim, the defendant testified that for more than a year previous to their separation in August, 1935, plaintiff had habitually indulged in intoxicating drinks and frequently came home drunk or in an intoxicated condition and cursed and abused her and on one or more occasions he struck her. She also testified that he often told her that if he had known that she

could not give birth to children he would not have married her and said that he would rather "be in hell with his back broke" than to live with her; that he objected to her going to church and refused to permit her to vote, saying that "if she was going to take his place he would stay at home." She said that during their fifteen years of married life she worked hard and engaged in sawing and hauling timber and assisted in building their home and performed various and numerous kinds of labor requiring masculine strength, and helped considerably in accumulating their small estate.

Plaintiff denied that defendant worked at hard manual labor, but admitted that she went out in the fields and woods and places where he was working, but said that she did so on her own accord. He also denied that he ever struck her or objected to her going to. church. He did not deny the charge of drunkenness, and admitted that he "may have cursed her and lots of other women," and said: "In my general talk, habit I have got, I will curse people and really don't pay any attention to it." She also charged him with improper conduct with other women, which he also failed to deny.

That defendant sustained her cause of divorce cannot be doubted. No stronger evidence of a settled aversion to her could be produced than his expressions of regret that he married her and that he would rather "be in hell with his back broke" than to live with her. His conduct toward her was indeed reprehensible.

If it be conceded that his objections to her voting does not amount to cruel and inhuman treatment, yet it is evidence of a domineering disposition and a lack of due regard for her feelings and privileges to which under the law she is entitled.

It is the established rule that in divorce actions where each party establishes a cause of divorce against the other the court should not grant a divorce to either party, and it is not necessary that the recriminatory acts charged be of same character and furnish the same grounds of divorce as those which they are intended to offset. Smith v. Smith, 181 Ky. 55, 56, 203 S. W. 884; 19 C. J., page, 94, sec. 220.

In 19 C. J. p. 93, sec. 219, the rule is thus stated:

"Divorce is a remedy for the innocent against the guilty; hence if both parties are equally at fault, a

divorce will not be granted. This is known as the doctrine of recrimination, and rests upon the equitable maxim that he who comes into equity must come with clean hands; but the rule is not infrequently relaxed on grounds of public policy or the peculiar exigencies of the case, and comparative rectitude is considered."

See, also 19 C. J. pp. 94 and 95, secs. 220, 221, and 222.

There are cited in support of the above text cases from almost every state in the Union and the doctrine of recrimination as a defense to an action for a divorce is universally recognized. This doctrine is recognized in this state in the case of Smith v. Smith, supra, wherein the law on this question is aptly and fully discussed and it is our view that the present case comes within the rule enunciated in the Smith Case and other authorities cited herein and no further citation of authority or elaboration is necessary. It is our conclusion, therefore, that the defendant established a cause of divorce against the plaintiff, and therefore he was not entitled to a divorce and his application therefor should have been dismissed.

It appears that the appellant, defendant below, has no property or other means of support. It also appears that the plaintiff owns a farm consisting of 57 acres. Defendant places the value of this farm at $1,500 and plaintiff fixes the value at $600. The exact value of the farm is not shown, but we think the evidence fairly warrants the conclusion that it is worth approximately $800, and in addition thereto plaintiff is possessed of personal property of the approximate value of his real estate, totaling approximately $1,500. Plaintiff was an unwilling witness and refused to disclose the amount of cash and other personal property he had. He admitted that since the filing of his suit or a short time previous thereto, he withdrew $101.25 from the bank and that he owned a horse and 20 head of cattle, all of which he had recently disposed of. But he refused to disclose what he received for his livestock. He said that he did not remember nor had he any idea what he received for his personal property. There is other evidence tending to show the approximate value of the livestock, and it appears that it was worth six or seven hundred dollars. Inasmuch as plaintiff was an unwilling witness and showed a disposition to conceal or withhold from the

court the exact value of his property and his financial standing, we think defendant is entitled to the benefit of the doubt. We conclude, therefore, that he is possessed of property, real and personal, of the value of approximately $1,500. It is our opinion that under the facts and circumstances of this case defendant should be allowed alimony in the sum of $500.

It is also insisted that the court should have allowed defendant more than $30 for her attorney fee. There was no sum adjudged to the attorney but it was adjudged to defendant as part of her costs. In view of the record and the services performed by defendant's counsel, we agree that $30 is insufficient; but in view of the alimony we have allowed the defendant we think she should pay her own counsel out of the sum allowed her. The plaintiff will pay all other costs as adjudged by the chancellor.

For reasons stated, the judgment as to alimony is reversed, and the cause remanded for proceedings consistent with this opinion.