## Rayburn v. Rayburn.

May 11, 1945.

R. H. Riggs for appellant.

John W. McKenzie, and John F. Coldiron for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing in part.

The appellant, Lillian J. Rayburn, brought action for divorce against her husband, Julius B. Rayburn, appellee, in which she asked for alimony and maintenance, and the restoration of her maiden name. The appellee filed answer and counterclaim and upon hearing, the court below granted the appellee an absolute divorce on his counterclaim; allowed the appellant to retain $250 worth of War Bonds which she had purchased, and gave her judgment for $100 in cash, spent for the appellee, and permitted her to retain a few items of furniture or personal belongings removed by her at the time of separation, and denied her any sum in alimony, or for maintenance, from which judgment appellant brings this appeal.

The parties to this action were married on October 22, 1941, and lived together as husband and wife until the early part of 1944. The appellee served about ten months of this marital period in the United States Army, having been discharged about April 1, 1943. After his discharge the couple moved to Cincinnati where they lived a short while, occupying a furnished apartment. They then moved to Ashland, Kentucky, where the appellee has been for sometime, and is now employed as a foreman with the Clayton-Lambert Manufacturing Company, where he earns about $1.45 per hour.

Each of the parties, the appellant, in her petition, and the appellee, in his counterclaim, alleged cruel and inhuman treatment. The evidence was taken before George W. Logan, Master Commissioner of the Greenup Circuit Court. The record discloses that the appellant varied in weight from 80 to 100 pounds and suffered very severe periodic sickness. The appellee was a strong, robust and rather large man weighing approximately 235 pounds. He was somewhat domineering in

his attitude and admitted that he himself had suggested, or at least talked to the appellant about the wisdom or necessity of obtaining a divorce. He denied rather vehemently that he had abused her either by the use of abusive language or by physical force, to which she had testified, and claimed that she was somewhat a nagger and was under the domination of her mother.

It has been held repeatedly, pursuant to KRS 21.060, that this court is without power to reverse a judgment granting a divorce. However, it is equally well known and established that this court may review the evidence for the purpose of determining the propriety of judgment wherein alimony has been refused, and may review the decree to determine whether alimony was either properly denied or awarded. See Lester v. Lester, 296 Ky. 691, 178 S. W. 2d 298; Rigsby v. Rigsby, 266 Ky. 291, 97 S. W. 2d 835; Colyer v. Colyer, 233 Ky. 752, 26 S. W. 2d 511; Jones v. Jones, 239 Ky. 153, 39 S. W. 2d 262; Wilson v. Wilson, 239 Ky. 830, 40 S. W. 2d 314.

An examination of the record shows that many of the incidents relied upon by both plaintiff and defendant, in support of their grounds, were inconsequential and scarcely meet the requirements for a judicial separation as fixed by the statutes. It appears to us that, based on the rather meager evidence, the wife was more entitled to the divorce than the husband. There is no charge nor attempt to prove moral delinquency on the part of either. It appears to us that the following portion of the Master Commissioner's report could very plausibly have been followed: "After hearing the evidence and reading the depositions in this case, the Commissioner believes that both the plaintiff and defendant are young people with many excellent qualities; but this marriage failed to bring the happiness and satisfaction that was so evident at its beginning and by the fact that there were no children born to this union, in my judgment contributed to its unhappiness, especially to the defendant; the Commissioner further believes that the plaintiff by reason of poor health is unable to earn sufficient suport for herself. In his opinion, the plaintiff, Lillian J. Rayburn, should be awarded a divorce in this action and that the defendant, Julius B. Rayburn, should contribute a reasonable amount to the said Lillian J. Rayburn for her support and maintenance."

The rule governing alimony and maintenance is not a rule applicable indiscriminately, and, in the absence of a showing of moral delinquency and fault upon wife's part, should be based upon the substantive presumption that a husband has a continuing obligation to support his wife, which obligation persists even after divorce.

We therefore, are of the opinion that the report of the Master Commissioner should have been followed, and that the wife should have been allowed $75 per month alimony and maintenance.

It will be noted further that appellant asked to be restored to her maiden name. See KRS 403.060 (4). It does not appear that there are any decisions directly involving the matter of granting to the wife a restoration of her maiden name when the husband has been granted a divorce. In the case of Walden v. Walden, 250 Ky. 397, 63 S. W. 2d 290, it is stated: "While we have no power to reverse the decree of divorce, we may review the evidence for the purpose of determining whether the judgment in other respects was proper." We are inclined to believe that the restoration of name may be as readily cared for under the phrase "proper in other respects," as in the citation above, as a determination relative to alimony or settlement of property rights.

It is, therefore, our conclusion that the court below should have allowed alimony in the sum of $75 per month and should have restored to the plaintiff her maiden name. The judgment is reversed to the extent and for the purposes indicated, and the cause remanded for proceedings consistent with this opinion.