## TOOMEY v. TOOMEY.

Court of Appeals of Kentucky.

March 9, 1951.

Harry B. Miller, Harry B. Miller, Jr., Lexington, for appellant.

Geo. R. Smith, Lexington, for appellee.

LATIMER, Justice.

The issue presented in this appeal is whether or not the court erred in granting alimony to the wife where the divorce was granted to the husband. Plaintiff and defendant had lived together as husband and wife since 1925. They reared a family of three sons, two of whom are grown. The youngest is now 11 years of age.

Appellee, Cora Belle Toomey, instituted this action seeking divorce from her husband on grounds of cruel and inhuman treatment. She also sought custody of the youngest child. By answer and counterclaim the husband, Welby Toomey, sought divorce on grounds of cruel and inhuman treatment and also the custody of the youngest son.

The matter was referred to the Master Commissioner who after a hearing made this report:

"After a careful study of the entire record the Commissioner recommends that the defendant be granted an absolute divorce on his counter-claim.

"The plaintiff has not been guilty of such wilful fault as to forfeit her right to be supported by her husband. The Commissioner recommends that the plaintiff be allowed alimony in the sum of $75.00 per month, which the defendant should be required to pay."

The Chancellor after carefully considering the matter followed the recommendation of the Master Commissioner and granted the divorce to the husband. Agreeing also with the Master Commissioner's recommendation that the wife was not at fault to the extent that she should be deprived of all support from her husband, the Chancellor granted alimony to the wife in the reduced amount of $60.00 per month. He gave the husband temporary custody of the youngest child, stating: "The court is not very well satisfied that the father's home is the place permanently for the younger boy. Friend of the court will keep in touch with this boy and the two

homes. Ordered that this opinion be made a part of the record herein."

The husband filed motion to amend the judgment to the extent that no alimony be allowed plaintiff since the divorce was granted to defendant. The court after considering same overruled the motion. Thus we have the question as to whether or not the court erred in overruling this motion.

It is entirely unnecessary to go into the details of the trouble between this husband and wife. That there was difficulty can not be denied in the face of the facts of this record. We have repeatedly held that where the husband is granted the divorce and apparently the fault was entirely that of the wife, the wife will not be granted alimony. However, we have held in numerous cases that while we can not disturb the granting of the divorce we will go into the facts and if of the conviction that the wife was not entirely at fault or that the judgment for divorce should have been granted the wife, we will yet allow alimony.

We think after a careful pursual of the record that the Chancellor was correct in his views of the matter as expressed in his opinion. We incorporate herein the following from the Chancellor's opinion upon the motion to strike the alimony allowance from the judgment.

"This couple had lived together since May 23rd, 1925, and raised a family of three sons, all of whom were grown except the youngest child, who is now eleven years of age. A great deal of testimony was taken and it appeared to the Court from this that the plaintiff and defendant were hopelessly estranged. The Court felt that this was almost like the case of Gnadinger v. Gnadinger, 309 Ky. 660 [218 S.W.2d 681], where the Jefferson Circuit Court granted the plaintiff a divorce on her petition and the defendant a divorce on his counter-claim and awarded the plaintiff fifteen dollars per week for the maintenance of the child of the parties and $1,000. as alimony. However, as the Statute does not seem to provide for granting a divorce to both plaintiff and defendant, except upon the ground of five-year separation, the court felt that the best way to do equity in this case was to grant a divorce to the defendant and allow a reasonable amount to the plaintiff for maintenance. * * *

"It can be seen from the foregoing opinion of the Court that the Court agreed with the Master Commissioner that the wife was not at fault to the extent that she should be deprived of all support and maintenance from her husband. She and the defendant had lived together for about twenty-five years. She had borne him three children and undoubtedly had helped him during the course of their married life in the accumulation of the property which he has. In view of these circumstances it would not seem equitable to the Court to cut her off without any maintenance or support. Perhaps, under the circumstances, and in view of the recent decision in Martin v. Martin, 311 Ky. 445, [224 S.W.2d 700], what the Court should have done was to have refused an absolute divorce to both parties and granted them a divorce from bed and board only, requiring the defendant to pay a reasonable amount of alimony for the support of the plaintiff.

"It will be noted that the Court reduced the amount of alimony recommended by the Commissioner from $75 to $60. per month. Considering the amount the defendant is making, this is a very reasonable amount for the support of the plaintiff. The very fact that the defendant objected to paying this small amount for the maintenance and support of his wife, who is now getting along in years, and who has borne him three children and helped him to accumulate the property which he has, does not place the defendant in a very favorable position with the Court. It is too late for the Court to set aside the absolute divorce to the defendant and grant to the parties a divorce from bed and board only, but the fact that the Court made a mistake, if it did make a mistake, in granting an absolute divorce to the defendant instead of divorce from bed and board only, and in making an allowance to the plaintiff, thus giving to the defendant something to which he was not entitled, would

not justify the court at this time in taking away from the plaintiff the maintenance which has been allowed to her, and which she would have been entitled to receive if a divorce has been granted from bed and board only.

"Under the record in this case, the Court is of the opinion that the plaintiff's conduct has not been such as to deprive her of alimony, and that the defendant's case is not strong enough to justify him in receiving a divorce, unless some adequate provision is made for the maintenance of his wife. Because the original judgment in the case granted the defendant more than he was entitled to receive (an absolute divorce instead of a divorce from bed and board) should not prevent the plaintiff from receiving that to which she is entitled under the law and under the testimony."

In Rayburn v. Rayburn, 300 Ky. 209, 187 S.W.2d 804, 805, it was said: "It has been held repeatedly, pursuant to KRS 21.060, that this court is without power to reverse a judgment granting a divorce. However, it is equally well known and established that this court may review the evidence for the purpose of determining the propriety of judgment wherein alimony has been refused, and may review the decree to determine whether alimony was either properly denied or awarded. See Lester v. Lester, 296 Ky. 691, 178 S.W.2d 423; Partin v. Partin, 270 Ky. 596, 110 S.W.2d 298; Rigsby v. Rigsby, 266 Ky. 291, 97 S.W.2d 835; Colyer v. Colyer, 233 Ky. 752, 26 S.W.2d 511; Jones v. Jones, 239 Ky. 153, 39 S.W.2d 262; Wilson v. Wilson, 239 Ky. 830, 40 S.W.2d 314."

It would be approaching an absurdity to say that the court below, while realizing it had mistakenly granted more by the absolute divorce than the husband was entitled, would nevertheless be obliged to refuse the wife alimony and necessarily leave the mistake to be corrected upon appeal to this court. Under this evidence, it appears to us that the court acted wisely in recognizing that this wife, after having borne three sons by this husband and who was at that age and period in life

when she needed sympathy, kindness and understanding, had some rights and should not be thrust aside and her husband's obligation to support liquidated by having mistakenly granted him an absolute divorce, which cannot be disturbed, when in fact only a divorce from bed and board should have been granted. The Chancellor is to be commended for his keen sense of the eternal verities of equity and justice.

The judgment is affirmed.