Nona Lee RUTLEDGE, Appellant,

v.

W. C. RUTLEDGE, Appellee.

Court of Appeals of Kentucky.

Feb. 14, 1958.

Beverly White, Winchester, for appellant.

Harvey T. Lisle, Winchester, for appellee.

CAMMACK, Judge.

This divorce action was instituted by the appellee, W. C. Rutledge, against the appellant, Nona Lee Rutledge, on grounds of abandonment and cruelty after more than 35 years of marriage. Mrs. Rutledge counterclaimed for a divorce from bed and board on the ground of cruelty. This appeal is from a judgment which granted both parties a divorce and made no provision for maintenance or alimony for Mrs. Rutledge. However, she was awarded a one-half interest in a $3,000 note. Mrs. Rutledge contends that she should have been awarded at least $100 per month as alimony.

The parties were married in 1919 and lived together as husband and wife until 1954. Four children were born of the union. The Rutledges worked together through financial difficulties and successfully reared their family. All of the children are married and have families of their own.

In 1954 Mrs. Rutledge ceased performing her wifely obligations, apparently because of religious differences of the couple. Mr. Rutledge said he tried repeatedly, without success, to find out the exact reason for Mrs. Rutledge's attitude toward him. In her not too clear testimony,

Mrs. Rutledge attempted to explain that she was willing to resume her married life with Mr. Rutledge if he would reform to meet her specifications of a "child of God." Her testimony fails to reveal to us just what she expected of her husband in religious matters. After 1954, Mrs. Rutledge remained in the home merely as housekeeper and her behavior and conduct, according to Mr. Rutledge, destroyed permanently his peace of mind and happiness. Mr. Rutledge testified, however, that he was willing to try living with Mrs. Rutledge again if she would change her attitude toward him and resume her marital obligations. On the whole it seems to us that this unfortunate situation developed from fault of Mrs. Rutledge rather than from that of Mr. Rutledge.

Generally, allowance of alimony is within the discretion of the trial court. Willoughby v. Willoughby, Ky., 294 S.W. 2d 550. Furthermore, where the husband is granted a divorce and apparently the fault is entirely that of the wife, the wife will not be granted alimony. Toomey v. Toomey, Ky., 237 S.W.2d 533. In the case at hand Mrs. Rutledge was awarded part of the household furnishings in accord with a separation agreement and was given also a one-half interest in a $3,000 note due Mr. Rutledge from the couple's son. The note had been executed when Mr. Rutledge loaned the son $3,000 which represented part of the gain on a sale of realty owned jointly by Mr. and Mrs. Rutledge. Mr. Rutledge was awarded other jointly owned property, including the farm in which Mrs. Rutledge held a survivorship interest, but he had to assume all of the couple's debts on their real and personal property. There was evidence indicating that the debts exceeded the value of the jointly owned property, which was acquired during the couple's marriage. Under the circumstances we think the trial court was warranted in his disposition of the case.

The judgment is affirmed.