## Maynard v. Maynard.

(Decided November 1, 1911.)

## Appeal from Pike Circuit Court.

1. Divorce—Restoration of Property.—Upon the granting of a divorce each of the parties should be required to restore to the other any property then held which was obtained from the other by reason of the marital relation.
2. Same—Judgment Not Reversible.—A judgment granting a divorce cannot be reversed.

STRATTON & STEPHENSON for appellant.

ROSCOE VANOVER, BUTLER & MOORE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming on the original and cross appeal.

Elizabeth Maynard brought this suit against her husband, M. W. Maynard for a divorce. Much proof was taken and on final hearing the court adjudged her a divorce and by the judgment determined their rights in the property in contest between them. He appeals; she prosecutes a cross appeal.

We cannot review the propriety of so much of the judgment as grants the divorce. Under the statute a judgment granting a divorce cannot be reversed. (Ky. Stats., Sec. 950.) The only matter, therefore, before us on the appeal is as to the property in contest, and this raises simply a question of fact.

The parties had been married about 25 years. There were no children born of the marriage. The husband had two children by a former marriage. In the year 1896 the husband bought a small tract of land on the east side of Sandy river. He failed to pay a deferred payment of the purchase money; the land was sold for this, and was bid in by the wife or in her name and the deed was made to her. Afterwards they sold off a part of the tract and the purchase money was paid to her to the extent that she had paid for the land but the title was left in her to the remainder of the tract. The circuit court adjudged this land to the husband.

About the year 1898 they bought a house and lot in Pikeville and a deed was made to them jointly, but soon thereafter the husband had the grantors to make another deed in which he joined, and by which the whole title to

the property was vested in the wife. The court adjudged her this property.

It is insisted for the husband that the latter deed was not delivered by him and that the wife did not pay for the property, but the weight of the evidence is in favor of the chancellor's judgment on both these matters. The recorded deed makes out for the wife a prima facie case that it was delivered. There is proof that the husband paid the fee for recording it to the clerk. No complaint was made of it from 1899 until this suit was brought and he could not well have been ignorant of the record. He requested that the deed should be made saying that the reason for it was that his wife had paid for the property. She got about this time $600 or $700 from her father's estate and the price paid for the property was $500. The husband was then hard run and was sued for money he could not pay.

The court did not err in adjudging to the husband the land on the east side of Sandy river. This was property received by the wife by reason of the marital relation, as what she had paid on it had been paid back to her and the title had put in her name by the husband simply by reason of the fact that she was his wife, it was proper that the husband's property should be restored to him.

The judgment is affirmed on the original and on the cross appeal.