## Pleasnick v. Pleasnick.

(Decided June 22, 1926.)

### Appeal from Pike Circuit Court.

1. Divorce.—Court of Appeals cannot reverse decree of divorce, but may review case and determine whether property rights of parties were properly adjusted.

2. Divorce.—Usually, where land paid for by husband is conveyed to wife in consideration of marriage, title is restored to him on granting divorce, and her alimony claim otherwise enforced, in view of Civil Code of Practice, section 425 (Ky. Stats., section 2121).

3. Divorce—Where Wife was Entitled to Alimony in Sum Equal to Husband's Interest in Property Owned by Them, Title to which was in Her, and Claim was Enforceable Only Against Property, She would be Permitted to Retain Title (Civil Code of Practice, Section 425 [Ky. Stats., Section 2121]).—Where wife contributed to purchase property, title to which was in her, and she was entitled to alimony in sum not less than value of husband's interest, which claim could be enforced, due to his habits, only by subjecting the property, she would be permitted, on divorce being granted, to retain title, notwithstanding Civil Code of Practice, section 425 (Ky. Stats., section 2121).

J. C. CANTRELL for appellant.

W. G. W. RIDDLE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Eva E. Pleasnick was granted a divorce from Joseph Pleasnick and permitted to retain title to a piece of real estate which had been conveyed to her. Joseph appeals.

While we are without power to reverse the decree of divorce, we may review the case and determine whether the property rights of the parties were properly adjusted. Maynard v. Maynard, 145 Ky. 197, 140 S. W. 156. It appears from the evidence that the parties have twelve children. All of them are under age, and ten of them live with their mother. Appellant sells meats and groceries. At one time he was quite prosperous, but within the last few years he has contracted the habit of drunkenness and has been wasting his estate until he now has on hand only a small stock of goods. On a few occasions he has treated his wife in a cruel and inhuman manner. There can be no doubt that the grounds of divorce were fully sustained, and that the wife was entitled to

alimony. It appears, however, that the parties purchased and improved the piece of real estate, and that the title thereto was put in the name of the wife. To say the least the evidence justifies the conclusion that the wife contributed as much as the husband to the purchase and improvement of the property. In explaining why the title was put in her name appellant says, "She said, if I let you have the few hundred dollars I have to put in that house, you will have to put it in my name." On this showing the wife was denied alimony, but adjudged the real property. She was also awarded the custody of the children, "to be supported by her." Appellant relies on the statute providing that "Every judgment for a divorce from the bond of matrimony shall contain an order restoring any property not disposed of at the commencement of the action which either party may have obtained directly or indirectly, from or through the other during marriage in consideration or by reason thereof," Civil Code, section 425, Kentucky Statutes, section 2121, and insists that the title to his portion of the real estate should have been restored to him. While, in view of the statute, it is the usual practice where land bought and paid for by the husband has been conveyed to the wife in consideration of the marriage to restore the title to the husband on the granting of the divorce and enforce the wife's claim for alimony by a sale of the land under an execution or attachment, or a judgment awarding her a lien, or by giving her a life estate in the property, circumstances may arise where, in order to avoid circuity of action, restoration will be denied. Here, the wife owns at least an undivided one-half interest in the real estate involved. The entire title is in her. She is justly entitled to alimony in a sum not less than the value of her husband's interest in the property. In view of her husband's habits the only way that she can enforce her claim for alimony is by subjecting the property, in which event she would have to purchase the property in order to save her home. As this would be an idle form, and entail unnecessary expense, we perceive no reason why the same results may not be accomplished by permitting the wife to retain the title to property to which she has the superior claim.

Judgment affirmed.