## Asher v. Asher.

(Decided Feb. 6, 1934.)

H. H. OWENS for appellant.

J. J. TYE for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

C. B. Asher and Maude Asher were husband and wife, residing in Knox county, Ky. She filed this action against him in the Knox circuit court for a divorce, claiming that, without any fault or like fault on her part, he abandoned her. But before doing so, he had been cruel and inhuman to her for two years. As a result of their marriage, there was born to them a daughter, Edith Asher, who was nine years old, at the time of the filing of this action.

The wife charged that she and the defendant respectively owned one-half interest in a house and three acres of land, one hog, one heifer, and a lot of chickens; that he was drawing a pension of $74.10 per month and owned an automobile; she had no income from any source, other than the house and three acres of land. She made no statement in her petition as to his earning power. By answer he traversed her petition and set forth counter ground for divorce, charging lewd and lascivious conduct. He stated his pension had recently been reduced from $74.10 to $50 a month; that he had bought and paid for the three acres of land and constructed the improvements thereon at a cost of $1,500. He sought a divorce and a restoration of the half interest in the house and land. The evidence shows the

truth of his allegations concerning the house and land.

The court granted her a divorce, the care and custody of their child, $15 a month for its support, and decreed that she retain title to the undivided half interest "in the realty and household goods," but declared that she was "not without fault, and therefore entitled to no alimony"; $75 was awarded to her for attorney's fees, with a lien on the one-half interest in the house and three acres of land to secure the payment of it and the cost.

C. B. Asher is here complaining on the ground the court failed to restore to him the title to the one-half interest in the house and three acres of land.

The evidence heard to establish the rights of the parties to a divorce has not been brought here. While this court is deprived of the power to reverse a judgment for divorce (Autry v. Autry, 237 Ky. 608, 36 S. W. (2d) 15; Chaudet v. Chaudet, 231 Ky. 477, 21 S. W. (2d) 812), we may review the evidence when brought here for the purpose of determining whether alimony was properly granted or denied or where the custody of a child or children is involved. The evidence concerning the grounds of divorce not being a part of the record, we are thereby prevented from determining whether alimony was properly denied. Notwithstanding the recital in the judgment, that she was "not without fault and therefore entitled to no alimony," the fact the court permitted her to retain the title to one-half undivided interest in the realty and household goods induces the conviction that this provision of the judgment was intended by the trial court to afford her relief in the way of alimony.

The evidence showing the husband purchased and paid for the house and three acres of land, and permitted the same to be conveyed to him and her jointly, the conclusion is inescapable that she thus obtained title to one-half interest in the house and three acres during the marriage in consideration thereof. Section 2121, Kentucky Statutes, expressly provides that:

"Upon final judgment of divorce from the bond of matrimony the parties shall be restored such property, not disposed of at the commencement of the action, as either obtained from or through the other before or during the marriage in consideration thereof."

The judgment herein dissolved the marital relations of the parties, and whether the facts authorized the granting or denying alimony to the wife (a question not now before us and which we do not determine), the facts adduced authorized and required the restoration to the husband of the one-half interest in the house and three acres of land. The trial court erred in not so decreeing.

The judgment is reversed, with directions to permit the wife to be heard on her right to alimony, and, whether the trial court allows or denies the same, to restore to the husband the one-half interest in the house and the three acres of land, and for proceedings consistent with this opinion.