## Shofner v. Shofner.

June 3, 1949.

Rehearing denied October 11, 1949.

Finley F. Gibson, Jr. for appellant.

James Walter Clements for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Appellee, plaintiff below, sought a divorce from appellant on the ground of cruel and inhuman treatment. By counterclaim appellant sought divorce on same grounds. Each asked for custody and control of their two infant children.

In his report the Commissioner apparently concluded that both parties were at fault and recommended that each be granted an absolute divorce from the other. Pursuant to this recommendation, the court adjudged "that the Plaintiff, Mary E. Shofner, be and she is hereby divorced from the bonds of matrimony with the Defendant, Lonnie R. Shofner, and that Lonnie R. Shofner is hereby divorced from the bonds of matrimony with Mary E. Shofner." Plaintiff was permitted to select from their furniture such as was needed for her natural comfort. The automobile mentioned in the action was to be the sole property of the plaintiff. It was further ordered that she recover of the defendant the sum of $2600 as lump sum alimony. She was directed to release her right, title, and interest in and to the real property jointly owned by the parties situated at 1807 Gregg Avenue and the defendant was required to pay the plaintiff's attorney fee of $300.

The defendant prosecutes this appeal insisting that the amount allowed is entirely out of proportion to the property owned by him, and is so large as to render it entirely inequitable.

The record is voluminous. We do not deem it necessary to reiterate here the charges and counter-charges, criminations and recriminations made by the parties

herein. Their infant daughters have married since this suit was filed. It might be added that these daughters have been estranged, one taking the part of the father and the other the part of the mother. This is another of those unfortunate instances where domestic difficulty starts over more or less fancied causes. Instead of allowing the trouble to die of inanition, the flames were fanned by the wind of other fancied causes until, as the Commissioner observed, the happiness of each had been destroyed. Anyway, it appears to us from this record that the husband was more at fault, and alimony was correctly allowed to the wife.

As stated in the case of Turner v. Ewald et al., 290 Ky. 833, 162 S. W. 2d 181, the amount allowed in gross from a husband's estate is not to be determined by an inflexible rule but by the facts and circumstances of the particular case. The above appears to us to be the just and equitable conception of the governing principles in situations such as this.

The evidence shows the defendant is a hardworking and able-bodied man and that at the time of his marriage with the plaintiff he owned property in which they lived as a home until 1944 when the property was sold for $2950. Other property was purchased in the joint names of the parties. This property, according to the evidence, is worth approximately $7500, with a mortgage against it in the sum of $3000. The balance due on the property theretofore sold was $1200. This makes the total value of the property approximately $5700. The award to the wife was about one-half this sum. The fact that the wife has been under the care of a doctor now for about five years, which care and attention must apparently be continued; the length of the time the parties have been married; and the kind and character of their property and manner of accumulating same, when considered with all of the other circumstances, constrains us to the conclusion that the recommendation of the Commissioner, and the judgment entered pursuant thereto by the Court, was a correct and proper determination of the matter.

Wherefore, the judgment is affirmed.