## Ball v. Osborne's Adm'r.
## Ball v. Osborne (two cases).

February 3, 1950.

J. S. Forester, Judge.

164

Astor Hogg and E. L. Morgan for appellant.

Fred M. Jones for appellees.

JUDGE LATIMER—Affirming.

The above three cases were tried together and separate verdicts rendered. In each case the jury returned a verdict against the appellant in the sum of $5,000, plus hospital and medical bills. For reversal appellant urges: (1) The verdicts were based on incompetent evidence. (2) Appellant was entitled to a directed verdict in each case. (3) The court refused to permit appellant to introduce competent evidence. (4) The instructions were erroneous. (5) The verdicts were excessive.

On December 20, 1948, V. B. Harrison, in operating his automobile through the town of Ages, left the highway, ran over and killed Garrett Osborne and struck and injured both Jerry and Dosha Osborne. These suits were originally filed against John Ball and V. B. Harrison, allegedly on the ground that Ball was the owner of the automobile and that Harrison, the driver of the automobile, was his agent, servant, or employee. After the filing of the suit, Harrison's deposition was taken as if upon cross-examination. On the morning of the trial each of the plaintiffs dismissed his action against Harrison. There appears to be no controversy here as to the manner in which the accident occurred. As said in brief of appellant, ''It was a most inexcusable occurrence.''

Faced with the responsibility of showing ownership of the car to be in Ball, and that Harrison was employed by Ball and engaged in the scope of his employment at the time of the accident, appellees relied upon the evidence as elicited in the deposition of Harrison taken as if upon cross-examination.

Appellant takes the position that if that deposition was incompetent, then plaintiffs did not make out a prima facie case and he was entitled to a directed verdict. Under this evidence we quite readily agree with appellant. So, the important question in this case is, after the action has been dismissed as to one of the codefendants, can the deposition of that codefendant, taken as if upon cross-examination, be admitted as evidence? If not, appellant should prevail in his contention. If competent and admissible, then appellant fails.

Since Harrison lived within 20 miles of the place where the court sits, the court undertook to satisfy itself as to the inability of Harrison to attend, and having been so satisfied, permitted the introduction of the de-

position. Appellant insists that the deposition, taken under Section 606, subdivision 8 of the Civil Code of Practice,.permitting the taking of depositions of an adverse party, was not taken for the purpose of being introduced in evidence but only for the purpose of either exploration or for the purpose of contradicting the defendant, Harrison, and in no event could be used as a de bene esse deposition.

There are two facts to keep in mind in considering this question. The first is: Was the deposition taken properly; that is, did the parties taking it have a right to take it? There is no contention, and obviously there could be none, but that the deposition was taken rightfully and properly. Having been taken, the next question arises: Is it competent and admissible as evidence?

Section 554 of the Civil Code of Practice provides: "A deposition may be read upon the trial of an issue in any action, if, at the time of the trial, the witness reside twenty miles or more from the place where the court sits in which the action is pending; or be absent from this State; or be its Governor, secretary, register, auditor or treasurer; or a judge or clerk of a court; or a postmaster, or a president, cashier, teller or clerk of a bank; or a practicing physician, surgeon or lawyer; or a keeper, officer or guard of the penitentiary; or be dead; or be of unsound mind, having been of sound mind when his deposition was taken; or be prevented from attending the trial by infirmity or imprisonment; * * *."

It is undisputed that Harrison lived within twenty miles of the seat of court and appellant insists there was not sufficient proof of the inability of Harrison to attend as a witness to justify the court in admitting the deposition. Thus, we see we have two principal contentions about this question; first, that a deposition taken as if upon cross-examination cannot in any event be introduced as evidence, and, second, that Harrison was not one of the class provided for in Section 554 of the Civil Code of Practice. We cannot agree with appellant in his contention as to Harrison not falling within the class as being a witness unable to attend because of infirmity. In satisfying itself on that question, the court heard testimony which showed Harrison to have recently returned from a Veterans' hospital where he had been 6 or 8 weeks suffering with a disease known

to medical science as leukemia; that he was a sick man; and that in the late afternoon preceding the trial he was in bed with swollen lips. Obviously, the court did not abuse his discretion in this respect.

We now turn our attention to the question of admitting a deposition taken as if upon cross-examination. The record shows that appellant's attorney was present at the taking of that deposition and conducted a rather long and extended cross-examination. The testimony of Harrison clearly showed that he was the agent of Ball and acting within the scope of his business at the time the accident occurred. Appellant through his attorney had ample opportunity to cross-examine Harrison at any length he desired with respect to all questions and facts concerning which Harrison testified. As stated in 26 C. J. S., Depositions, sec. 7, "* * * The fact that defendant desires to take plaintiff's deposition to aid in the preparation of his defense does not defeat the right to take such deposition in good faith for use on the trial; * * *."

In Louisville & Nashville R. Co., v. McCoy, 261 Ky. 435, 87 S. W. 2d 921, 922, where deposition of adverse party had been taken, as in this case, the court said: "Prior to the trial, appellee's deposition was taken as if on cross-examination pursuant to subdivision 8 of section 606 of the Civil Code of Practice, and over objections of appellant the court refused to permit this deposition to be read in evidence except for the purpose of contradiction, stating that only the contradictory part of the deposition might be read. In Johnson v. Langley, 247 Ky. 387, 57 S. W. 2d 21, this court points out the distinction between the Code provision relating to taking the deposition of a witness and that relating to the examination of parties, and concludes that there is no restriction as to the use of the deposition of a party taken pursuant to subdivision 8 of section 606 of the Code, if the party is a competent witness, even though he may be present and testify at the trial."

In the instant case, there can be no question but that Harrison was a competent witness. Had he been present and testified at the trial, even then, under the case above, there would have been no restriction as to the use of his deposition. Would it be consistent then to refuse, or even restrict, the deposition of a competent

witness who was qualified as one of a class under Section 554 of the Civil Code of Practice? We conclude that the court properly admitted the testimony.

Having concluded that the deposition of Harrison, taken as if upon cross-examination, was admissible, it is obvious that appellant was not entitled to a directed verdict as urged in ground (2).

It is next urged that the court erred in limiting the testimony of the witness, Ford. In his deposition Harrison had testified that he was transporting Ford to Harlan for a charge of $2.00, and that it was while making this trip the accident occurred. Appellant takes the position that the court's admonishment to the jury, that he was permitting Ford to testify only for the purpose of contradicting Harrison, resulted in limiting the effect of Ford's testimony. It will be observed that Harrison's testimony was the only testimony relative to Harrison's employment and his acting within the scope of his employment. Even if the testimony of Ford had been admitted as substantive testimony, it could have had no other effect than merely to contradict Harrison. We see no merit in this contention.

It is next urged that the instructions were erroneous. In discussing this question we shall observe what was said in counsel's brief for appellant. It is stated: "The Court will see by these instructions that the jury was instructed that if they believed from the evidence the automobile belonged to John Ball and that Harrison was driving same for John Ball, then they should find for the plaintiffs in the event it was negligently operated by said Harrison."

In the next paragraph of the brief, it is said: "If the deposition of Harrison, to which we objected, is competent, we agree that the plaintiff in each case made out a prima facie case of agency and that such agent was acting in the course of his employment at the time of the injuries."

It is then insisted that the preponderance of evidence shows that Ball did not own the car and that Harrison was not driving the car for Ball, and that it must be left for the jury to determine whether or not Harrison was the agent and acting in the course of his employment.

Let us then turn back to what appellant said above: If the jury "believed from the evidence the automobile belonged to John Ball and that Harrison was driving same for John Ball, * * *." Obviously, the above goes directly to the question of ownership and agency. There is no merit in the contention relative to this phase of the instructions.

It is argued that the instructions as given were further erroneous in that the court instructed the jury that it could find damages against the defendant for permanent injuries sustained by the two injured plaintiffs, in that there was no evidence to show that either of such plaintiffs had sustained permanent injuries. Possibly the medical testimony here in that respect is somewhat weak.

We shall consider first the testimony as it relates to Jerry Osborne. Dr. Cawood, who gave the only medical testimony introduced, testified that Jerry Osborne had "a fracture of the ribs, knocked loose from the spine on both sides; he had a concussion of the brain. He had bruises of the body."

Jerry Osborne testified: "I had my skull fractured, my foot broke, and hurt my arm here." He testified he broke all his ribs loose from his breast bone and from his back bone. When asked if his head still hurt, he replied: "Sometimes when I bump it, it will hurt across through there." On cross-examination he was asked: "Are you well, now, son?" He replied: "I'm not plumb well yet." He was then asked: "You are getting better all the time?" He replied: "Yes." This testimony was given almost four months after the injury. The court in its instructions in this case did not touch the question of pain and suffering but only instructed: "If you find for the plaintiff you will award him such sum in damages as you believe from the evidence will reasonably and fairly compensate the plaintiff for the destruction of his power to earn money, not exceeding the sum of $15,000.00, the amount claimed in the petition."

Appellee registers no complaint here of any failure to instruct relative to compensation for any suffering, mental or physical, which he suffered. The very nature of the injuries, namely, a broken foot, concussion of the brain, ribs torn loose from both the breast bone and the spine, with the resultant mental pain and suffering,

would possibly justify a verdict in the amount given. Since the allegation in the petition was that plaintiff was unable to perform labor as a result of his injuries, and since there is some evidence tending to show that the injuries are permanent, an instruction on impairment of power to earn money was proper. Central Consumers Co. v. Booher, 107 S. W. 198, 32 Ky. Law Rep. 794; South Covington & Cincinnati St. R. Co. v. Hardy, 152 Ky. 374, 153 S. W. 474, 44 L. R. A., N. S., 32; and McGeough v. Lewis, 245 Ky. 363, 53 S. W. 2d 544. It may be said quite frankly that the instruction as given was erroneous but the failure to instruct relative to one of the elements of damage, namely, pain and suffering, was prejudicial to appellee and not to appellant. It will be noted in the instruction as given the court used the phrase "destruction of power to earn money." This was, obviously, wrong. The phrase to be used there is the "impairment of power to earn money." But again it will be observed that this would operate to the prejudice of appellee and not to appellant. Appellant cannot be heard to complain of an instruction that in no way prejudices him.

We now turn to the testimony relative to Dosha Osborne. Dr. Cawood testified that the X-rays taken of Dosha Osborne didn't show much, but that she was in the hospital from the 20th of December until the 7th of January. Basing the question upon what Mrs. Osborne stated relative to a numbness and swelling of her right eye and inability to stand long on account of the condition of her back, Dr. Cawood was asked if, in his opinion, she ever would completely recover from that injury to her back and to her head. He answered: "I don't know."

Mrs. Osborne testified that she and her son, Jerry, were in the hospital 3 days less than 3 weeks. She testified that she had a fractured spine, fractured skull and a broken foot; that her head, back and feet give her a lot of trouble; that her head swells of a morning after she gets up and remains swollen throughout the day until she goes to sleep at night. She has no feeling in her forehead and can't stay on her feet long at a time. The instruction in her case, covering the question of award, reads: "If you find for the plaintiff you will award her such sum in damages as you believe from the evidence will reasonably and fairly compensate her for

the injuries sustained by her and for her suffering and pain and mental anguish and for the destruction of her power to earn money, not exceeding the sum of $15,-000.00, the amount claimed in the petition."

It will be noticed that the instruction in her case covered the question of suffering and pain and mental anguish and for the impairment of her power to earn money. Under the cases cited above, and under the pleadings and the evidence, we think the court was justified in giving the above instruction, except that the word "impairment" should have been used instead of destruction. We conclude, therefore, that the contention relative to the instructions cannot prevail.

It is lastly insisted that the verdicts are excessive. Counsel for appellant in brief states: "We cannot conscientiously urge that the verdict was excessive in the case of Bill Osborne, Administrator, against Ball." He directs this phase of his argument to the cases of Jerry Osborne and Dosha Osborne. We have carefully considered the extent of the injuries, the nature of each, and readily conclude there is no merit in this contention.

Wherefore, the judgment in each case is affirmed.