**H. P. WILLOUGHBY, Appellant,**

v.

**Ruby Griffin WILLOUGHBY, Appellee.**

Court of Appeals of Kentucky.

Oct. 19, 1956.

Denney & Landrum, Lexington, for appellant.

Brown, Miller, & Griffin, Lexington, for appellee.

STANLEY, Commissioner.

A divorce was granted Ruby Griffin Willoughby from H. P. Willoughby on her counterclaim. The claims of the husband, as appellant, and of the wife, as cross-appellant, for reversal of the judgment as to alimony and maintenance of a child appear in the course of the opinion.

Title to a residence in Lexington, which was purchased by the appellant in 1951, was taken in the name of himself and his wife jointly with the right of survivorship. The court adjudged that the appellant "is the owner in fee simple" of the property particularly described and that "the defendant, Ruby Griffin Willoughby, owns no interest" therein. But the court overruled the plaintiff's motion to require the Master Commissioner to execute a deed to him for and on behalf of the defendant of her undivided interest in the property. It seems to us that the court should have sustained the motion and ordered the execution of such a deed, either by the divorced wife or by the Master Commissioner for her. This is proper under the terms of KRS 403.060(2) relating to the restoration of property obtained by a wife during the marriage and because such an order will clear the record in the office of the county court clerk. Asher v. Asher, 252 Ky. 664,

68 S.W.2d 32; Wheeler v. Wheeler, Ky., 238 S.W.2d 1001.

The parties were married in 1934. The husband is 45 years of age and the defendant 38. Willoughby sold his grocery business in Georgetown for $12,000 and re-established such a business in Lexington in 1950. Both the husband and the wife had worked in the Georgetown store, but the evidence is conflicting as to the extent of her work. After they moved to Lexington, Mrs. Willoughby occasionally helped in the store on week ends. Otherwise, she devoted her time and energies to maintaining the home and caring for the two children of the parties, one of whom, a son, is now 22 years old, and the other, a daughter, 16 years old.

The evidence sustains the court's finding that the appellant's net worth is about $40,-000. This takes into consideration mortgages on his residence and grocery equipment and unsecured obligations. The amount of his liquid assets is limited. The court awarded the wife the household furniture, which is of the agreed value of $3,50ᴜ, and a lump sum alimony of $15,000. Thus, the alimony, $18,500, equals 46 per cent of the husband's net worth. The appellant contends the award is too much, while the wife contends it is too little. Further alimony of $100 a month was adjudged pending an appeal so long as Mrs. Willoughby is permitted to remain in the residence, and $150 a month in the event she is required to move. It appears she has continued to occupy the residence. The court awarded custody of the daughter to her mother and an allowance of $75 a month for her maintenance.

In arriving at the award, the court regarded the several factors laid down as a guide in Hicks v. Hicks, Ky., 290 S.W.2d 483, and many other cases. Among these factors is that of contribution of the wife in the accumulation of the husband's estate. The chancellor took note of the work done by the wife in the store during the earlier years of their marriage and in the mainte-nance of their home. It is to be observed that the greater accumulation of the estate occurred in the latter years from the operation of the Lexington store.

The evidence of mistreatment by the husband is not of physical violence nor of mental cruelty other than what the court seems to have based his decision upon, namely, unfounded accusations of moral delinquency on the part of the wife.

The record leaves the impression that the separation and divorce, resulting in the breaking up of a home conceded to have been all that it should have been for twenty-two years, is a tragedy that might well have been avoided. But we are concerned here only with the matter of awards of money.

The statute directing or authorizing alimony contemplates the allowance to a divorced wife of an amount suitable for her support "as the court considers equitable". This is subject, however, to the further provision that such allowance shall not divest the husband of fee simple title of real estate. KRS 403.060(1). The award is not necessarily or always the allowance of a proportionate part of the husband's estate. He may have no estate but may, nevertheless, be required to pay alimony out of current or probable earnings as income. Alimony, as the statute says, is to be determined by the equities of the case. Here the husband does have an estate, and the court in its discretion made an award of alimony in gross, or, as commonly expressed, of a lump sum, which is a proportionate division of the husband's net estate.

In the leading case of Muir v. Muir, 133 Ky. 125, 92 S.W. 314, 317, 4 L.R.A.,N.S., 909, the court discusses the theory of alimony as being in lieu of the common law obligation of a husband to support his wife and suggests the idea that her dower interest in her husband's estate is reasonable, although cognizance is taken that alimony must be regulated by all the circum-

stances. The court regarded $15,000 as the value of the husband's estate upon which the award to the wife should be reckoned and fixed the allowance at $5,000 and "As part of it, she should be given the use of at least one-half of the real estate". See also Wesley v. Wesley, 181 Ky. 135, 204 S.W. 165. Thus, dower was established as a rule of thumb for the measurement of alimony. Obviously, the rule is subject to many variables, important elements being the character and amount of the husband's estate and the financial condition of the wife. In the Muir case, the husband's conduct was of the grossest sort; and there were other exceptional circumstances, including the probable acquisition of wealth from his father, which justified a liberal allowance.

 In her argument that the judgment is inadequate, Mrs. Willoughby, as cross-appellant, submits that the recent increase in the marital rights of a widow should carry with it a corresponding increase in the allowance of alimony. By an act of 1956, Chapter 117, amending KRS 392.020, a surviving wife or husband is given a fee of one-half of the surplus real estate of which the other spouse was seized at the time of his death if he or she dies intestate and an absolute estate in one-half of the surplus personalty left by the decedent. But if the husband dies testate and the widow renounces the will, her surviving right is a life interest in one-third of the real estate. The same is true for a surviving husband. The present case presents no exceptional facts which would justify the unqualified application of the dower statutes. The chancellor allowed the divorced wife 46 per cent of the husband's estate, plus a $1,500 fee for her attorney, the whole being equal to 50 per cent of his net worth. This seems too great a proportion.

We do not depart from the recognition that generally the allowance of alimony is within the chancellor's discretion. However, full consideration of the circumstances of the case which bear on the question of a lump sum award of alimony leads to the consensus of the members of this court that the judgment should be $15,000, made up of the $3,500, as the value of the household furnishings, and $11,500 in money. This is the equivalent of 37 per cent of the husband's net worth. It recognizes some contribution which the wife made to the accumulation of the estate and the fact that she is now about forty years old and has no special training so that her earnings will likely be limited.

As stated above, the daughter of the parties is now sixteen years old. We are of opinion that her father should pay her mother $100 a month for her maintenance instead of $75 as adjudged.

 The wife's attorney, Harry B. Miller, Jr., intervened in the case in the circuit court to claim his fee and has filed an appeal from the allowance of $1,500. He vigorously argues that this is inadequate. After a full consideration of this issue, we conclude that the fee is reasonable under all the circumstances.

Wherefore, on the appeal of the husband, the judgment is reversed with the directions to enter judgment in accordance with the opinion. On the cross-appeal, the judgment is affirmed, except to increase the allowance for the daughter. On the appeal of the attorney, the judgment is affirmed.