**John BALL, Appellant,**

v.

**Virgie BALL, Appellee.**

Court of Appeals of Kentucky.

Nov. 7, 1958.

H. M. Brock & Sons, Harlan, for appellant.

Smith & Shehan, Harlan, for appellee.

STANLEY, Commissioner.

The appellant, John Ball, and the appellee, Virgie Ball, were married in October, 1936, and separated in March, 1956. The wife instituted this suit for divorce and asked that she be adjudged the sole owner of certain real property and all the household goods and that she recover $10,000 in alimony. The husband traversed the allegations of the complaint and pleaded that the wife's title to the real estate had been obtained by reason of and in consideration of the marriage and title should be restored to him. The court filed a statement of findings of fact and conclusions of law and entered a judgment awarding the wife a divorce, and "in lieu of alimony" adjudged that she hold "free of any interest or claim of the husband" certain property to which she held legal title, all household goods and one-half of a bank account which was in the name of the wife and her daughter. He adjudged the plaintiff entitled to her costs, including a $500 attorney's fee. The court ordered the wife to convey to the husband what is called the poolroom property, title to which was in her name.

The defendant, through attorneys other than the one who had been representing him, seasonably filed a motion for a new trial or reopening of the case and asked that the court amend or make additional findings of fact and change the judgment accordingly. CR 52.02. The grounds of the motion were that the findings of fact were not supported by the evidence in certain respects; that since several deeds and other documents relating to title to the property, which had been vaguely referred to by the witnesses but had not been filed or were not then contained in the record as exhibits, were necessary for a proper consideration of the case, they should be filed; and that there was no evidence showing the value of the property awarded "in lieu of alimony and no finding of fact concerning that valuation." The motion was overruled. The appellant submits this was an abuse of discretion and in this connection that the judgment is erroneous in any event. In view of the conclusion we have reached, we need not pass on the point in regard to the defendant's motion to reopen the case.

The record is somewhat indefinite in respect to the title to the property. The deeds and other documents would have cleared up this condition. There is not a line of testimony concerning the valuation of the property and consequently nothing to base its award as alimony on according to the usual criterion. We gather the following to be the general facts concerning the acquisition and the

status of the title to the property, which is located in Evarts.

Shortly after the marriage in 1936 the husband bought a two acre parcel of land on which there was a residence in which the parties lived and a small building which had been rented to others. In 1941 Mrs. Ball became a beautician at a cost to her husband of around $1,000. In that year, or perhaps in 1942, the husband erected a building on some land which he owned before marriage and conveyed the same, or at least a half interest in it, to his wife. In part of the building she had operated a beauty parlor and another room had been used by different lessees as a shoe shop or poolroom.

Both parties testified that the husband had paid for all of this property with his own funds. It appears from the course of the evidence and is indicated in the judgment that title to the residence property had been placed by Ball in his wife and daughter jointly. It is not disclosed when this was done. It likewise seems that at some undisclosed time title to the business property was put in the husband and the wife. Mrs. Ball testified that her husband had put the title in her name because, as he had said, she had helped him and had been a good wife and "if he didn't fix it so I would have a place to live, his children would set me out in the street." Ball testified that his wife had asked him to deed the property to her. He further stated that she had said "if she ever decided to get rid of me and get somebody else, she would deed the property back and she wouldn't ask me for nothing. She would depend on the other man for it."

In 1950 a judgment for damages was rendered against Ball as the result of negligence of one of his taxicab drivers. That judgment was affirmed in Ball v. Osborne's Adm'r, 312 Ky. 163, 226 S.W.2d 789. It appears from indefinite oral testimony that in an independent suit by the judgment creditors Ball's conveyances to

his wife of the foregoing property were set aside, but upon what ground is not shown. The property was sold under execution as being that of John Ball and was purchased by "the Osbornes." Ball testified that he paid off the judgments, and the property was "transferred back" to his wife just like it had been. At this time Ball had no debts, as he testified. There is no contradiction.

Concerning the bank account jointly in the name of Ball's wife and daughter, it appears that Ball at one time deposited around $3,400 in it. While the date is not disclosed, it seems the automobile damage suit against him was then pending. We may agree Ball's testimony supports a finding that his money was so deposited in order to keep it from his creditors. We gather from the evidence that both the husband and wife deposited in and withdrew money from that account. The balance at the time of the judgment is not shown. There is much evidence to the effect that the wife had collected the rents and handled the common funds and earnings of herself and husband in maintaining the family.

■ The court found as a fact that the conveyances by the husband to the wife were "grounded in fraud." He stated as a conclusion of law that under such circumstances the parties will be left in the situation in which they have placed themselves. We do not think the evidence sustains the finding of fact that the title to the property was placed in the wife with an intention to defraud creditors. It was originally done fourteen and eight years or more, respectively, before he became involved in the law suit. As stated, Ball's testimony that he owed nobody when title was "transferred back" from the purchaser at the execution sale was not denied.

■ The statutes provide that upon a judgment of divorce "each party shall be restored all the property, not disposed of

at the beginning of the action, that he or she obtained from or through the other before or during the marriage and in consideration of the marriage." KRS 403.-060(2). The statute is mandatory. Hanks v. Hanks, 282 Ky. 236, 138 S.W.2d 362.

In Pleasnick v. Pleasnick, 215 Ky. 281, 284 S.W. 1070, the judgment permitted a wife to retain title to real estate which had been conveyed to her by her husband. She had contributed as much as he to its purchase and improvement, so she really owned a half interest. We affirmed the judgment upon the ground that the wife was shown to be entitled to alimony in a sum not less than the value of her husband's interest in the real estate. In doing so, however, the court pointed out that in view of the statute it is the usual practice where land was bought and paid for by the husband and conveyed to the wife in consideration of marriage to restore title to the husband on the granting of the divorce to the wife and to enforce her claim for alimony by a sale of the land or awarding her a lien upon it or giving her a life estate in the property, although circumstances may arise where restoration will be denied in order to avoid circuity of action. Such was that case. In the instant case, however, title to the property was placed in the wife altogether by virtue of the marriage and in consideration thereof, and there was no evidence of its value. So, denial of a restoration of the property upon the ground of it being proper alimony had no basis in law or fact.

In Asher v. Asher, 252 Ky. 664, 68 S.W.2d 32, the husband had bought and paid for certain property and permitted title to a half interest therein to be placed in the wife. It appeared, as stated in the opinion, that the trial court had allowed the wife to retain the undivided interest in the property as being for alimony. Pointing to the statute, the court held that regardless of whether alimony should have been decreed, the trial court erred

in not adjudging restoration of title to the husband. The judgment was accordingly reversed with directions to restore the title and permit the wife to be heard on her right to alimony.

It seems to us that the judgment herein should be reversed and the case remanded. If documentary evidence should confirm what the present record indefinitely shows concerning the title to the real estate, as above outlined, the court should order a restoration to the husband, although it may be subjected to any award of alimony. The record contains much crimination and recrimination concerning moral delinquency and other faults of both parties. At the time the depositions were taken the husband was 74 years old and his wife 47. The whole question of alimony and disposition of property other than restoration of the real estate should be considered and decided according to the several factors which have been frequently laid down as determinative of such questions.

The judgment is reversed.