James BAKER, Appellant,

v.

Axie Jones BAKER, Appellee.

Court of Appeals of Kentucky.

March 10, 1961.

Robert R. R. Boone, Pineville, for appellant.

William R. Forester and W. L. Barbourville, for appellee.

MONTGOMERY, Judge.

Axie Jones Baker was granted a divorce from James Baker, referred to herein as Jim. In essence, Jim complains on appeal that he should have been restored certain property and should not be compelled to pay alimony. A cross-appeal was not perfected.

This was the second go round for Jim and Axie. They were forty-seven and forty-three years of age, respectively. Their first marriage in 1930 produced one son and a divorce. They were remarried on December 8, 1940, and had no further additions.

In this divorce action, each party charged the other with cruel and inhuman treatment. Without detailing the evidence, each party "swore" enough to have justified the Chancellor in granting a divorce to either or to both. See Shofner v. Shofner, 310 Ky. 869, 222 S.W.2d 933. Axie summed it up by saying, "we ain't never got along good."

Physically, each party appears to have been much the worse for wear after their two matrimonial ventures. Axie seemed to think there had been a recent change in her physical condition which resulted in a loss of five to ten pounds. Jim complained of a hernia condition, had been treated for hypertension, heart disease, headache and weakness. His chest had been X-rayed and he complained of a pain there, and for fourteen years he has had an "ulcerated stomach, light stroke and low blood" in addition to a stomach rupture.

The bone of contention on this appeal is seventeen and one-half acres of land and improvements in Knox County for which Jim paid $325 in 1945. The title to the property had been placed in the names of Jim and Axie jointly, "Just because I had love for her at that time," as Jim said. Other improvements had been placed on the land. Axie introduced testimony tending to show that she had contributed to and aided Jim financially. No contention is made concerning the proceeds of a gas royalty and other personalty.

The Chancellor made no specific allowance for alimony, nor was any property ordered restored to Jim. The judgment provides that Jim and Axie are joint owners and directs an even division of the sale proceeds between them. The reasonable market value of Axie's undivided one-half interest was found to be $2,500. Jim complains that the judgment is in error in failing to restore to him title to Axie's undivided interest, and further contends that Axie is not entitled to any alimony. The answer to the last contention is short. Even though the Chancellor had granted Jim the divorce, Axie would still be entitled to an allowance of alimony in the absence of any showing of moral delinquency or sufficient estate of her own. There was no showing of either. Coleman v. Coleman, Ky., 269 S.W. 2d 730; Bailey v. Bailey, Ky., 294 S.W.2d 942.

To have been correct procedurally, the Chancellor should have ordered a restoration of title of the property to Jim and then have made an allowance to Axie for alimony. KRS 403.060; Stubblefield v. Stubblefield, Ky., 327 S.W.2d 24. However, in Pleasnick v. Pleasnick, 215 Ky. 281, 284 S. W. 1070, 1071, referring to the restoration statute, Clay, J., wrote:

"While, in view of the statute, it is the usual practice, where land bought and paid for by the husband has been conveyed to the wife in consideration of the marriage to restore the title to the husband on the granting of the divorce and enforce the wife's claim for alimony by a sale of the land under an execution or attachment, or a judgment awarding her a lien, or by giving her a life estate in the property, circumstances may arise where, in order to avoid circuity of action, restoration will be denied."

It was further pointed out in the Pleasnick case that the wife was justly entitled to alimony and could collect it only by subjecting the husband's property. To avoid circuity of action and unnecessary expense, the Court held that there was "no reason why the same result may not be accomplished by permitting the wife to retain the title to property to which she has the superior claim," and affirmed the judgment adjudging her the whole of the real estate although she was considered to have owned only a one-half interest. Cf. Ball v. Ball, Ky., 317 S.W.2d 870. The practical common sense of the Pleasnick reasoning was followed recently. Cox v. Cox, Ky., 343 S. W.2d 395. See also Jackson v. Jackson, Ky., 248 S.W.2d 411; and Williams v. Williams, Ky., 338 S.W.2d 689. An allotment of property other than cash from the husband's estate as alimony to the wife is error only if inequitable. Hertel v. Hertel, 202 Ky. 422, 259 S.W. 1025. It is concluded, therefore, that the Chancellor made a Solomon-like decision as to the disposition of the real estate.

Judgment affirmed.