PALMORE, Judge.
In this divorce action between Viola Cooke and Ralph Cooke the trial court granted Viola a divorce, custody of the children, and possession of a jointly owned home until further order of the court. Ralph was directed to make weekly payments for the support of the children and to assume their necessary medical expenses. There was no award of alimony. The court found that the parties had contributed equally to the ownership of their home and its furnishings and made no provision for restoration. The property was valued at $17,500 subject to a $4,000 mortgage, payment of which Ralph was directed to assume. Ralph appeals, contending the judgment should be modified to restore the property to him and award Viola alimony instead of an undivided interest in the property.
The property was purchased in 1958 for $7,500. It consisted of a small 3-room shop on a little less than two acres of land. The existing structure was enlarged and improved and made into a home by the joint efforts and industry of Ralph, Viola, and the children. This has been a continuing project, reflecting great credit on the entire family. The trial court found that Ralph and Viola, having contributed equally to the ownership of the property and its furnishings, were joint and equal owners.
As suggested in Baker v. Baker, Ky., 344 S.W.2d 391, 392 (1961), the orthodox procedure where the husband has furnished the initial capital investment is to restore the property to him and compensate the wife through alimony secured by a lien. But this is merely subterfuge. Alimony and an equitable interest in property are not the same. They have come to be brewed in the same pot only because of another fallacy, which is that the property in question must be said to belong to one party or the other, when the truth of the matter is that it belongs to both, and if it had not been for the efforts of both it would have belonged to neither.
We see no justifiable reason why the “happenstance” of which party had the cash to put up the original down payment, however small it may have been as compared with the present net value of the property, should be the immutable criterion of “ownership”. This case provides an apt illustration. For example, in Viola’s words this is the kind of contribution she made to the physical structure itself:
“Well, if we were pouring concrete, I helped mix it. If we were laying brick, I helped lay them. If there was a board nailed up, I helped nail it up. If the *218 roof was put on, I helped put it on. In fact, I worked one whole day by myself while he was at work nailing a kitchen roof on. And plumbing, anything that came up to do I helped do it or anything that would be pertaining to building that goes into building a home I did it or helped do it * * *
“Well, anything that you would have to do in working and fixing it up or help in building it. Maybe go ahead and finish, while he was at work, I would go ahead and do what I could by myself in nailing or plastering.”
Under these circumstances, how can “each party” actually “restore” the property he or she obtained from or through the other by virtue of the marriage ? Subtracting the contribution of either, what would be left? We think the most practical solution of the problem is to recognize that the restoration statutes, KRS 403.060 and KRS 403.065, cannot strictly or literally apply to a situation in which property has been accumulated in the course and by virtue of the joint efforts of husband and wife as a marital unit, one carrying out his responsibilities and the other carrying out hers. In such a case each of them has a vested “ownership” interest, and upon dissolution of the marriage the trial court should be free to weigh it up and determine when, whether and how it is to be cut off and separated out. Normally, of course, when it is not possible to effect a physical division in kind the property must be promptly sold and the proceeds apportioned according to the undivided ownership interests as determined by the chancellor, but when infant children are involved and it is necessary that they be provided a home, there is no compelling reason why the sale and division of proceeds may not be deferred until such time as the chancellor is satisfied that their welfare will not be adversely affected. That, essentially, is what the chancellor has done in this case, and we are constrained to repeat what our late brother and Chief Justice said in Baker, supra, he “made a Solomon-like decision” which technical rules do not necessarily require to be upset by this court.
The judgment is affirmed.
All concur.