CASE 10.—DIVORCE ACTION BY K. V. WILLIAMS AGAINST
LOUISA M. WILLIAMS IN WHICH DEFENDANT
FILED A CROSS-PETITION FOR A DIVORCE AND
ALIMONY.—December 10. 1909.

## Williams v. Williams

Appeal from Ohio Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

From a judgment for plaintiff, defenuant appeals.
—Affirmed.

1. Divorce—Right of Action.—The right to a divorce is purely
statutory.
2 Divorce—Actions—Appeal—Relief Granted on Appeal.—While.
by the direct provisions of Ky. St. Sec. 950 (Russell's St. Sec.
2784), a judgment granting a divorce may not be reversed
the Supreme Court may, on appeal in an action therefor, ex-
amine the record to determine whether the party granted a
divorce was entitled thereto, and, if not, may grant such other
relief as to property or alimony as may be proper, though
the decree of divorce cannot be disturbed.
3. Divorce—Grounds—Lewdness.—Under Ky. St. Sec. 2117 (Rus-
sell's St. Sec. 67), stating the grounds on which a wife may
have a divorce, mere lewdness of the husband, short of
living in adultery with another woman, is not made a ground
for divorce.
4. Husband and Wife——Separate Maintenance of Wife.—A
wife may sue for alimony though not entitled to an absolute
divorce, as where the husband's conduct compelled her for
her peace and security to leave his home, or his lewd conduct
made cohabitation there impossible without shame or em-
barrassment.
5 Divorce—Actions—Burden of Proof—Credibility of Witness.—
Where there was no certificate of the credibility or good
character of the witness relied on to prove lewdness as
a ground for alimony in a divorce action and her credibility
was not known to the trial judge, one of which means of
determining her credibility is required by statute in order

to grant relief on her testimony, the usual presumption of credibility did not apply, and the burden was upon the party relying on such witness to show her credibility.

6. Divorce—Actions—Sufficiency of Evidence.—In a divorce action against the wife in which she alleged lewdness by plaintiff as a ground for divorce and alimony, evidence, even if competent, held not to show lewdness.

7. Divorce—Legislative Policy—In order to justify the granting of a divorce, the evidence must satisfactorily establish one of the statutory grounds of divorce, and a mere suspicion, though based upon some evidence, is not sufficient to justify either separation or absolute divorce.

8. Divorce—Harmless Error—Time of Submitting Case.—That defendant's interrogatories, in a divorce action to secure evidence on the question of alimony had not been answered for the length of time to entitle plaintiff to have the case submitted for judgment, when it was sumbitted, did not prejudice defendant, where she failed to establish her right to alimony, though allowed ample time.

BARNES & ANDERSON for appellant.

GLEN & SIMMERMAN for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellant and appellee were married in 1903, and lived together until 1906, when they separated. They had each been married before, and each had children by their former marriages. Appellant adandoned appellee in May, 1906. After living apart for more than a year appellee sued appellant for a divorce a vinculo upon the ground of abandonment. She did not controvert the fact of abandonment, but justified it on the ground that appellee had been guilty of lewd conduct with other women.

Another ground was also asserted, but, as there was no proof offered upon it, it is not noticed further. Appellant made her answer a counterclaim, and sought a divorce on the grounds asserted in her an-

swer, and prayed for alimony. She attached inter-
rogatories to her answer concerning the property of
the husband. Upon the proof in the record the cir-
cuit court granted the husband's prayer for divorce,
and denied the wife's prayer for alimony. From that
judgment she prosecutes this appeal.

The legal right to a divorce in this state is purely
statutory. Among the grounds allowed by the statute
upon which either party "who is not in fault" may
obtain a divorce is the abandonment by one party of
the other for one year. By a provision of section
950, Ky. St. (Russell's St. Sec. 2784), a judgment
granting a divorce may not be reversed. Still, if the
circuit court erred, on appeal this court may examine
the record to determine whether the party granted
the divorce was lawfully entitled to it, and, if not,
although the judgment of divorce cannot. be dis-
turbed, grant such other relief as to property or ali-
mony as may seem proper.

The wife in this case was not entitled to a divorce.
The statute enumerates the grounds upon which such
a decree may be rendered in her favor, and they are:
(1) Abandonment by the husband for one year (when
she is not in fault). (2) Living in adultery with
another woman. (3) Condemnation for felony. (4)
Concealment of loathsome disease at time of mar-
riage. (5) Force, duress, or fraud in obtaining
marriage. (6) Uniting with religious society whose
creed requires a renunciation of marriage vows. (7)
Confirmed habit of drunkenness by husband for one
year, accompanied with wasting of his estate, and
failing to suitably provide for maintenance of wife
or children. (8) Habitually behaving toward her by
the husband, for not less than six months, in such
cruel and inhuman manner as to indicate a settled

aversion to her, and to permanently destroy her peace or happiness. (9) Such cruel beating or injury, or attempt at injury, of the wife by the husband as indicates an outrageous temper in him, or probable danger to her life, or great bodily injury from her remaining with him. Section 2117, Ky. St.

It will be seen that lewdness on the part of the husband, short of living in adultery with another woman, is not statutory ground for divorce; so, even if that ground in appellant's answer had been sustained by the proof, still she would not have been entitled to a divorce a vinculo from appellee. The right of a wife to sue for alimony, independent of her right of divorce is sustained in Steele v. Steele, 96 Ky. 382, 29 S. W. 17, 16 Ky. Law Rep. 517; Lacey v. Lacey, 95 Ky. 110, 23 S. W. 673, 15 Ky. Law Rep. 439, and Newsome v. Newsome, 95 Ky. 383, 25 S. W. 878, 15 Ky. Law Rep. 801, as where the husband by his conduct and behavior makes it necessary for the peace and security of the wife to leave his home, or his lewd conduct is such as destroys her happiness, or to permit her without great mortification and shame to remain in his home. Davis v. Davis, 86 Ky. 32, 4 S. W. 822, 9 Ky. Law Rep. 300. This necessitates our examination of the evidence offered by appellant on her charge of lewdness made against her husband.

The parties to this suit are white people. A negro woman testified, that, late one afternoon and on the day before appellant left her husband, she was passing through appellees' barn lot on her way to his house; that he was in the barn, and came out and accosted her, and attempted to take hold of her arm. She said she hallooed, when appellant came up, demanding to know what was the matter. Something

of a scene then ensued between appellant and ap-
pellee. It was enough to attract the attention of sev-
eral neighbors who lived nearby—on adjoining lots,
or across the street. That is the whole story, so far
as is disclosed by the evidence. What appellant saw,
or thought she saw, and what appellee had done, or
intended to do, are not disclosed, except by such in-
ference as may be drawn from the testimony of the
negress. The statutes of this state make it more dif-
ficult to prove grounds of divorce than to sustain any
other kind of suit.

The parties are incompetent to testify at all. "Two
witnesses, or one and strong corroborating circum-
stances," are necessary to sustain the charge of adul-
tery or lewdness, and the credibility of good charac-
ter of such witnesses must be certified to by the officer
taking the deposition—must be proved—or must be
known to the trial judge. The character of the wit-
ness in this case was not proven. There is not a
certificate either of the officer taking the depositions,
or of the trial judge, as to the credibility of that wit-
ness. The presumption of credibility in such case
does not apply, as in other cases. The party intro-
ducing the witness has the burden of showing affirma-
tively that the witness is entitled to credit. The ab-
sence of that showing leaves the testimony of the wit-
ness incompetent to sustain the charge. The party to
be affected cannot testify. He must be mute in the
case. His condition would be precarious indeed if his
reputation, happiness, and estate were left to the
mercy of a dissolute character, unworthy of belief,
or if they would be sworn away by one person.

Appellants' counterclaim fell for lack of compe-
tent proof. That which was offered, even if compe-
tent under the statute was insufficient. It does not

sustain the charge of lewdness. The legislative policy is indicated by the rigor of the provisions concerning divorce proceedings, that divorces are not to be granted upon either immaterial grounds or slight evidence. The grounds are named in the statute. The evidence must satisfactorily establish the existence of one of them in the particular case. A mere suspicion, though based on some appearances, will not justify the grave step of separation; much less does it justify the solemn decree of divorce.

Complaint is made by appellant that the case was submitted prematurely. The interrogatories had not been answered for the length of time to entitle the plaintiff to demand submission of the case for judgment. The interrogatories were, necessarily, addressed to the plaintiff to elicit evidence as to his estate. The question was important in the case only in the event appellant was entitled to alimony. But she must first establish her right to alimony. That she failed to do, although having had ample time. The order of the court submitting the case in that view of the record was not prejudicial error.

Judgment affirmed.