## Mitts v. Mitts et al.

February 21, 1950.

Rehearing denied June 9, 1950.

Ward Yager, Judge.

C. C. Adams for appellant.

Lee B. Lanter, R. L. Vincent and L. M. Ackman for appellee.

JUDGE CAMMACK—Affirming.

This is a bitterly fought contest over the custody of Kay Frances Mitts, who was born July 1, 1941, to Edith and Jess Mitts. In June, 1948, the chancellor, after a full hearing of the case, entered a judgment awarding the child's custody to Gladys Vance, a sister of Jess Mitts. Mrs. Vance and her husband have no children. The Vances are highly respected citizens of Williamstown. The judgment awarding the child's custody to Mrs. Vance contains this statement:

"Considering all the proof in this case it is consid-ered and adjudged by the court that neither the plaintiff nor the defendant is a fit or proper person to have the care, custody or control of said child, Kay Frances Mitts.

"It appearing to the Court from all the evidence in this case that said infant has spent practically all its life with its Aunt, Gladys Vance, and it further appearing that Gladys Vance has provided a good home for said child; that she has provided a bank account for her; that she has provided said child with an educational Life Insurance Policy; providing for a College education; that said child is happy and contented, therefore, it is considered and adjudged by the Court, that it is for the best interest of said child to leave it in the home of Gladys Vance; that Gladys Vance is hereby given custody, care and control of said child, with the provision and understanding that during school vacation time said child may spend every other week with its Mother, Edith Mitts, said first week beginning at 9:00 A. M., on June 14th, 1948, and said child to be returned to Gladys Vance on Monday, June 21st, 1948 at 9:00 A. M.

"It is further provided that during school time, which begins September 1948 said child may be with its Mother, Edith Mitts on Week ends, beginning on Saturday Morning at 9:00 A. M. and Edith Mitts is to return said child at 7:00 P. M. on Sunday Evening to Gladys Vance until further orders of this Court, to all of which the defendant objects and excepts and prays appeal to the Court of Appeals which is granted."

The judgment also awarded Jess Mitts a divorce and allowed Mrs. Edith Mitts the sum of $40 a month as alimony. There was ample evidence to support the award of divorce to the husband. He has filed no cross-appeal, so we shall not concern ourselves with the alimony allowance for Mrs. Mitts.

On this appeal Mrs. Mitts is contending vigorously that the custody of the child should have been awarded to her. The controversy can be better understood by a brief review of the history of the case. The parties were married in 1939. In 1946, Edith Mitts was granted a divorce and by an agreement approved by the court she was given principal custody of the child. Within less

than a year the parties remarried. The present action for divorce was filed by Jess Mitts about five months after the second marriage. Much of the evidence goes to the conduct of the parties during their first marriage; while they were divorced; and since their last separation. There is proof showing that the couple never maintained a home which could be considered as suitable for the proper rearing of a young child. As shown by the quotation from the judgment, the Vances practically reared the child. Our present concern, however, is whether Edith Mitts is a person of suitable character to warrant the granting of the custody of the child to her.

At the time of the entry of the judgment under attack Edith Mitts maintained no home of her own. She lived with her parents on a small farm a few miles from Williamstown. Her parents have a comfortable home and their character is not impeached. The record contains evidence of Edith Mitts' good character, but, on the other hand, there is considerable proof showing that she had been intimate with at least one other man. The record shows that Mr. and Mrs. Vance are persons of very high character and are among the leading citizens of Williamstown. They maintain a good home and have treated the child as their own.

On many occasions we have said that the mother is entitled to the custody of a young girl if she is shown to be a person of good character and is in a position to furnish her a suitable home. Bowman v. Bowman, 310 Ky. 509, 221 S. W. 2d 71. Especially is this true in the case of a child of tender years. In the present case not only was serious question raised as to Edith Mitts' character and her moral fitness to have custody of the child, but also there is some question as to the desirability of the place where the child would be reared. Furthermore, Kay Frances can hardly be considered a child of tender years, since she is approximately eight and one-half years old now.

There is every indication that the chancellor gave careful and painstaking consideration to the whole case. He knew the parties and all those who testified therein. He was familiar with the marital difficulties of Mr. and Mrs. Mitts, having once before passed upon a divorce action for them. Under the circumstances, we are not

disposed to disturb his ruling on the custody of the child.

The appellant requested the restoration of her maiden name, which the court failed to grant. On the authority of Rayburn v. Rayburn, 300 Ky. 209, 187 S. W. 2d 804, this relief should have been granted.

Judgment affirmed.