382

**LAWSON et al. v. MITTS et al.**

Court of Appeals of Kentucky.
March 21, 1952.

C. C. Adams, Williamstown, for appellants.

Lee B. Lanter and L. M. Ackman, Williamstown, for appellees.

CLAY, Commissioner.

This controversy arises on appellant's application to modify a former judgment so as to permit her to have the full custody of her young daughter. The original judgment, affirmed by this Court in Mitts v. Mitts, 312 Ky. 854, 229 S.W.2d 958, gave the principal custody to the child's aunt and uncle, but provided she should visit her mother on week-ends and at other times.

In our former opinion we pointed out that some question had been raised concerning the mother's fitness, and it was also noted that she did not have a home of her own. Appellant in the present proceeding has attempted to show a change of conditions which she contends now justifies the court in giving her complete custody. On this score it appears she has remarried, is able to take care of the child in her own home, and is a fit and proper person.

The child is now ten years old. Since the entry of the original judgment, she has lived with her aunt and uncle and has visited her mother frequently. She has also spent some time with her father. She was examined by the court outside the presence of the parties to this suit, and the trend of her testimony was that she is happy under the existing arrangement. She has a real affection for her mother, her father, and her aunt and uncle.

■ Of course the controlling consideration is the welfare of this child. She now has a good home, and she has lived with her aunt and uncle for many years. She is no longer an infant of tender years. It is regrettable that her affections and her home life must be so divided. However, it is impossible to reach a perfect solution of the problem.

■■ It is not necessary to recite the facts appearing in the record, both on the former and present appeal, which we have carefully considered. The Chancellor had the opportunity to hear all of the testimony, including that of the child herself. He is in a better position than we are to determine

what would be for her best interests. His conclusion that the present arrangement should continue was fully justified, and we see no reason to disturb the judgment.

A number of incidental questions are raised by appellant, but our discussion of them in this opinion would serve no purpose. The Chancellor decreased the allowance to her from $40 to $10 a month. We find no error in this ruling.

The judgment is affirmed.