Cleo H. JONES, Paternal Grandmother of James Kenneth Jones and Nicholas Charles Jones, Infants, Appellant,

v.

June Hammons MOW, Appellee.

Court of Appeals of Kentucky.

Dec. 16, 1960.

Carlos B. Pope, Barbourville, for appellant.

C. G. Cole, Jr., Barbourville, for appellee.

MILLIKEN, Judge.

This is an appeal by a paternal grandmother from a judgment awarding custody of 12 and 13 year old brothers to their mother.

The appellee, June Hammons Mow, formerly was married to Charles K. Jones, but obtained an uncontested divorce from him in 1949, leaving the custody of the two boys, then three and four years old, to Jones by written agreement incorporated in the judgment "until the further orders of this (circuit) court." The mother was very young at the time of the divorce, was unable to support them, and had no place to take them, while Jones could take them to the home of his parents. Jones married again and took the children with him to his new home. The appellant, their paternal grandmother, who approximates 65 years of age, took care of the children intermittently over the intervening years and they were with her at the time of the death of their father, who was killed in a traffic accident on June 17, 1958, about a month after he was divorced by his second wife.

The testimony shows that the mother of the boys, the appellee, who had found work in Detroit, visited them about once a year until their father's death when she promptly—11 days later—began this proceeding for their custody. She had married her present husband, who was a widower with children, and the evidence discloses that Mow earns about $600 a month, that the couple has a suitable home, and that he is willing to support the appellee's boys. The fitness of the mother to have custody of the boys is conceded.

 Complaint is made in the appellant's brief of the proceedings in the trial court, but suffice it to say that the appellant was granted a full hearing on her motion to retain actual custody of the boys and the chancellor, in a lengthy opinion and finding of facts, found for the mother of the boys, awarding their legal custody to her. Unless the mother is an unfit person, the mother presumptively is entitled to their custody. KRS 405.020(2). Here, the mother is a fit person to have their custody, and their welfare should best be served in the long run by awarding it to her.

The judgment is affirmed.