Ann Hicks **TERRELL**, Appellant,

v.

**H. W. TERRELL**, Appellee.

Court of Appeals of Kentucky.

Dec. 15, 1961.

Carlos B. Pope, Barbourville, for appellant.

R. L. Brown, Williamsburg, C. G. Cole, Jr., Barbourville, for appellee.

WADDILL, Commissioner.

Dr. H. W. Terrell was granted a divorce from Ann Hicks Terrell on the ground of cruel and inhuman treatment. KRS 403.-020(4) (d). Mrs. Terrell, whose former name was restored by the judgment, was awarded alimony in the sum of $3000; she was authorized to keep an automobile valued at $3000 and some jewelry worth $3400 which had been given to her by Dr. Terrell; she recovered $5000 upon a note which he had executed to her during their marriage. The judgment also directed her to restore to Dr. Terrell certain property she obtained by virtue of the marriage.

Mrs. Terrell appeals, contending that the Chancellor erred: In failing to grant her sufficient alimony; in settling their property rights; and in restoring her former name.

The parties were married during 1950 and separated approximately nine years later. She was 48 and he was 55 years old when the divorce was granted. This was the second matrimonial venture for each of them.

Appellant had formerly been a licensed beautician, but she has not practiced her profession since her marriage. Her back was injured several years ago in an automobile accident and she claims that she has not fully recovered. She concedes that she had only $900 at the time of her marriage to appellee and that sum plus $1600 she received in settlement of her personal injury claim was all the money or property she had acquired in her own right at the time of their separation.

Appellee had practiced medicine for about 21 years prior to his marriage to appellant. During that period he had obtained the greater part of his property which, at the time of their separation, the Chancellor valued at $55,000. It was shown that appellee's gross income for the year of 1958 amounted to approximately $13,000. Appellee often drinks liquor excessively and to some extent this habit may have contributed to the instability of the marriage.

However, the Chancellor was aware of this fact and expressed some doubt that it was a cause of the separation since appellant accompanied appellee on numerous occasions to places where he purchased liquor, and on some occasions participated in drinking herself.

The record reflects that appellant was extremely jealous and suspicious of appellee because of his association with one of his female employees. Several persons testified that appellant would frequently visit appellee's office and would not only annoy his patients with her personal problems, but would enter his private office while he was examining a patient and would demand that he discharge a certain female employee. There was testimony that, during one of her tirades at appellee's office, appellant had described the employee in extremely vulgar language, and on another one of these occasions had struck appellee with a medical instrument.

■ The Chancellor found that although each of them was guilty of some fault, neither one was shown to be morally delinquent, but that appellee had established his ground for divorce. Under these circumstances the Chancellor could grant appellant alimony. Pearson v. Pearson, Ky., 350 S.W.2d 141.

■ In arriving at an equitable amount of alimony there is no exact formula to apply. In some cases we have said that approximately one-third of the husband's estate may be used as a reasonable measure of alimony, unless there are circumstances making such a division inequitable. Heustis v. Heustis, Ky., 346 S.W.2d 778; Ahrens v. Ahrens, 313 Ky. 55, 230 S.W.2d 73. However, it is apparent from the well-written opinion of the Chancellor that he properly weighed the numerous factors which are relevant in determining an equitable allowance of alimony. Maher v. Maher, 295 Ky. 263, 174 S.W.2d 289; Lewis v. Lewis, 289 Ky. 615, 159 S.W.2d 995. Consequently, we are unwilling to say that the Chancellor abused his discretion although the award is not a liberal one.

When an absolute divorce has been granted the provisions of KRS 403.065 require an order of the court restoring to each party all property obtained from or through the other party before or during the marriage in consideration of the marriage. Stubblefield v. Stubblefield, Ky., 327 S.W.2d 24; Jarvis v. Jarvis, 304 Ky. 253, 200 S.W.2d 475. In the instant case appellant made no financial contribution in connection with the acquisition of the real estate and the personal property appellee now owns. We have heretofore observed that appellant concedes that she had only $900 at the time of her marriage and that during her marriage she received $1600 in settlement of her personal injury claim. These sums and others given to her by her husband were apparently loaned to him as evidenced by his promissory note to her in the amount of $5000. She obtained judgment for the full amount of the note, with interest. She also was authorized by judgment to retain jewelry and an automobile valued at $6400 and in addition thereto was awarded the alimony previously discussed. While it does appear that she worked for awhile in her husband's office, she admittedly expected no compensation for this service. Under these circumstances we conclude that the Chancellor equitably decided their property rights and entered the proper restoration order.

■ Appellant urges that the Chancellor erroneously restored her former name. KRS 403.060(4) provides:

"If the wife obtaining a divorce so desires, the court shall restore to her the name she bore before marriage."

Since the appellant did not seek a restoration of her former name we believe that the judgment should be reversed in this respect. Cf. Rayburn v. Rayburn, 300 Ky. 209, 187 S.W.2d 804.

The judgment is reversed to the extent that it restored appellant's former name and is affirmed in all other respects.