**Naomi ROBERSON, Appellant,**

**v.**

**Arthur WELLS, Individually, and as Guardian for Jerry Wayne Roberson, an Infant, et al., Appellees.**

Court of Appeals of Kentucky.

March 23, 1962.

Jesse S. Hogg, Winchester, for appellant.

J. Blaine Nickell, Nickell & Walter, West Liberty, for appellees.

WADDILL, Commissioner.

On this appeal we are concerned with a judgment awarding the custody of Jerry Roberson, an infant, to the appellees, his paternal great aunt and uncle. The trial judge found that appellant, the child's mother, is not a suitable person to have its custody because she has been guilty of immoral conduct, and that the best interest of the child will be served by placing him in the custody of appellees.

Arthur Roberson, father of the child, was reared by the appellees. He married appellant in 1956 but was killed in an accident some 18 months later. After his death appellant and her son lived alternately with her parents and the appellees until some six months prior to the bringing of this action. During this latter period appellant and her son returned to a house previously occupied by her late husband.

The evidence showed that after the death of her husband appellant gave birth to an illegitimate child. There was testimony of neighbors that after she returned to her own residence she often had male guests overnight and gave unseemly parties there. In addition, several persons testified that her general moral reputation in the community was bad.

 Appellant contends that the natural right of a mother to have the custody of her child should prevail in this action. Ordinarily the mother is presumptively entitled to custody of her child. Jones v. Mow, Ky., 341 S.W.2d 260. However, we have held that when the mother is found to be morally unfit to have the custody, and that finding is supported by evidence of probative value, the trial judge may determine the custody question in light of what is in the best interest of the child. Mitts v. Mitts, 312 Ky. 854, 229 S.W.2d 958; McCormick v. Lewis, Ky., 328 S.W.2d 415.

Under the circumstances shown in the instant case we are unwilling to say that the trial judge abused his judicial discretion.

Judgment affirmed.