**Jane Hoagland PENISTON, Appellant and Cross-Appellee,**

v.

**Louis Teague PENISTON, Appellee and Cross-Appellant.**

Court of Appeals of Kentucky.

June 14, 1974.

William G. Reed, Carrollton, for appellant and cross-appellee.

J. F. Thomas, Thomas & Thomas, New Castle, Squire N. Williams, Jr., Frankfort, for appellee and cross-appellant.

CATINNA, Commissioner.

Jane Hoagland Peniston and Louis Teague Peniston were married on October 25, 1958, and lived together until May 23, 1970, at which time Jane, without warning, left Louis. On June 1, 1970, Jane filed this action seeking a divorce, alimony,

and a division of property. By a counterclaim Louis not only asked that he be granted the divorce but that the court restore to Jane her maiden name of Hoagland. The chancellor awarded the divorce to Louis, directed that he pay Jane "the sum of $5,000 in full payment of her claims for alimony and maintenance, and any interest she may have in his estate," restored Jane's maiden name, and denied her motion for an attorney's fee.

Jane and Louis both appeal.

■ This court has carefully considered the record in this proceeding and found no error other than that of the court's restoring Jane's maiden name when she had not so requested.

KRS 403.060(4)—now KRS 403.230(2) —did not authorize the restoration of a wife's maiden name unless it was requested by the wife. The statute provided:

"If the wife obtaining a divorce so desires, the court shall restore to her the name she bore before marriage."

The new section of the statute provides:

"Upon request by a wife whose marriage is dissolved or declared invalid, the court may, and if there are no children of the parties shall, order her maiden name or a former name restored."

Divorce is a creature of statute in the United States, and the power of the legislature over the subject of marriage as a civil status and its dissolution is unlimited and supreme except as restricted by the Constitution. 24 Am.Jur.2d, Divorce and Separation, Section 4, page 178.

The Commonwealth of Kentucky has adopted this general rule, and this court was held that the legal right to a divorce in this state is purely statutory. Williams v. Williams, 136 Ky. 71, 123 S.W. 337 (1909).

The legislative authority governing divorce proceedings is reflected by the statutes adopted. Therefore, it is apparent that it was the intention of the legislature to limit the authority of a court to restore the maiden or former name of a wife to those proceedings where restoration was requested by the wife. Terrell v. Terrell, Ky., 352 S.W.2d 195 (1961).

■ Jane sought an order in the trial court for the return of certain items of personal property wrongfully held by Louis. The trial court ruled that it did not have jurisdiction to pass upon this question because of the pending appeal to this court. The motion was then filed here and passed to the merits. In Penrod v. Penrod, Ky., 489 S.W.2d 524 (1972), we held that the trial court did not lose jurisdiction to enforce compliance with a judgment pending appeal in those instances where the action of the court would not change or modify the judgment then being considered upon the appeal. Consequently, it is not necessary that we pass upon this motion, as the jurisdiction has remained in the trial court, and there is now no reason why Jane should not refile her motion in that court.

So much of the judgment as restored the maiden name of Jane Hoagland Peniston is reversed; the judgment is affirmed in all other respects.

OSBORNE, C. J., and JONES, PALMORE and REED, JJ., concur.

STEINFELD, J., dissents.

STEINFELD, Justice (dissenting).

The opinion of the court is based upon the concept that divorce proceedings are purely statutory, therefore the divorce court cannot go beyond the statute in divesting the wife of the name given to her by reason of the marriage. It cites Terrell v. Terrell, Ky., 352 S.W.2d 195 (1961). There, we held that "(s)ince the (wife)

did not seek a restoration of her former name * * *," the chancellor erroneously restored her former name to her, but the opinion does not indicate whether the husband had demanded that relief. *Terrell* refers to Rayburn v. Rayburn, 300 Ky. 209, 187 S.W.2d 804 (1945), in which the wife sued for a divorce and demanded the restoration of her former name, but an absolute divorce was granted to the husband. We observed that it appeared the wife was more entitled to a divorce than the husband, and we reversed, holding that the wife should have been restored to her former name because she demanded it. The statute in question, KRS 403.060(4), provided that if the divorce was granted to the wife her maiden name should be restored to her if she desired it. It should be noted that in *Terrell* and in *Rayburn* the divorce was granted to the husband, not the wife. The same thing is true in Mitts v. Mitts, 312 Ky. 854, 229 S.W.2d 958 (1950).

It will thus be seen that this court has not followed the statute and has indicated that there are instances other than those specified in KRS 403.060(4), which authorized the restoration of a previous name. The majority opinion seems to overrule, at least in part, some of the cases mentioned, leaving the bench and the bar at sea on this question.

Even a cursory examination of divorce cases will reveal that the powers of equity have been exerted in a multitude of instances. In Carter v. Carter, Ky., 382 S. W.2d 400 (1964), we said " * * * divorce proceedings are equitable actions in this state * * *, and equity is broader than the statute." I would hold that the power of the divorce court in carrying out the intent of the statute is broad enough to divest the wife of her marriage name when such a demand is made by the husband and when the evidence indicates that such restoration is appropriate.

For the foregoing reasons, I respectfully dissent.